# Gothard v. The Alabama Great Southern R. R. Company.

*Action against Railroad Company to Recover Damages for Personal Injury.*

1. *Contributory negligence ; rule as to defense of, stated.*—When contributory negligence is relied on as a defense to an action for damages, it is not essential that the plaintiff should have been the cause of the injury, for if his negligence contributed proximately to an injury which he could have avoided by the use of ordinary care or diligence, he can not recover.

2. *Same ; when no defense.*—Although one negligently exposes himself to peril, yet, if he uses proper diligence in escaping the danger when it becomes apparent, and the defendant fails to use all the proper means in his power to avert the danger, the defendant is liable, and the original negligence is no defense to the action.

3. *Same ; negligence to walk or drive on railroad track without looking out for trains.*—When, in an action against a railway company to recover damages for personal injuries, the evidence shows that the plaintiff placed himself in peril by driving his wagon and team on a crossing without looking out for approaching trains, at a place where his view was so obstructed that he could not

[Gothard v. Ala. Great Southern R. R. Co.]

see a locomotive which was approaching, and near at hand, and by which he was struck and injured, it is such negligence as precludes a recovery, unless the defendant could have averted the injury by the use of all means which were reasonably capable of adoption for the purpose.

4. *Negligence to run trains in a city at speed prohibited by ordinance.*—It is negligence to run a railway train within the limits of a city at a rate of speed which is prohibited by a municipal ordinance, but when the speed allowed by the ordinance was six miles per hour, and an accident occurred when a train was running at less speed than was prohibited, and the bell was being rung when an injury was inflicted, this would be, *prima facie*, the exercise of due caution.

5. *Case overruled.*—The case of *The Nashville & Decatur R. R. Co. v. Comans*, 45 Ala. 437, so far as it conflicts with this case, is overruled.

APPEAL from Jefferson Circuit Court.

Tried before Hon. W. S. MUDD.

On November 1st, 1878, Perry Gothard, driving his wagon along the most frequented street in the city of Birmingham, Ala., where the municipal ordinances prohibit the running of trains at a rate of speed greater than six miles per hour, came to a place where four railroad tracks which ran parallel to each other crossed the highway. As he approached there was a train backing along one of these tracks, which belonged to the South and North Ala. R. R. Co. He stopped to let this train pass, but did not get down from his wagon to look out for approaching trains. As soon as this train was out of the way a man on foot crossed the tracks, and Gothard started across without observing a train which was approaching at a speed, variously estimated by persons, at from five to ten miles per hour, on a track belonging to the Alabama Great Southern R. R. Co. This latter train was hidden from him by the backing train, until it was within about twenty feet of him. As soon as the men in charge of the train, which was concealed from him, saw him, they rang the bell, blew the whistle, put on the brakes, and "used all the appliances known to skillful engineers to avert the injury," but the locomotive struck Perry Gothard's wagon, turned it over; broke his thigh and permanently disabled him. At the time the accident occurred the bells on both engines, and they were dissimilar in their tones, were being rung. Gothard brought this action against the Alabama Great Southern R. R. Co., to recover damages for the injuries thus inflicted on him. On the trial of the case the facts as stated above were shown, and the court charged the jury, in writing, at the request of the defendant, that "if they believed from the evidence, that the agents of the defendants, who were operating the train that ran against and injured the plaintiff, were on the lookout and saw the wagon which plaintiff was driving, as soon as it was uncovered by the train on the South & North Ala. R. R., and after discovering the peril plaintiff was

[Gothard v. Ala. Great Southern R. R. Co.]

in, applied the brakes and reversed the engine, and used all means in their power, known to skillful engineers, to stop the train; and if the jury further believe, that defendant's train, at the time of the accident, was not running more than six miles an hour; and if they further believe that the bell of the engine was being rung, as testified by the witnesses, then the plaintiff cannot recover. To this charge the plaintiff excepted. 2. The plaintiff was bound to use his eyes and ears as far as there was opportunity, to discover and avoid danger, and if, by such use of his senses, he might have discovered and avoided the danger, but omitted to do so, and if such omission on his part contributed proximately to produce the injury complained of in this cause; and if, without such omission on his part, the injury would not have occurred, then, upon this state of facts, the plaintiff is not entitled to recover. The plaintiff, also, excepted to the giving of this charge. 3. The defendant was authorized by law, at the time the injury occurred, to run its train within the corporate limits of the city of Birmingham, and across Twentieth street in said city, at a speed not exceeding six miles an hour; and if, at the time of the accident, said train was being run at not exceeding six miles an hour, its being run at such speed was not negligence on defendant's part. To this charge plaintiff excepted. 4. Because of the character and momentum of defendant's train, the law will not require it to stop its train and give precedence to plaintiff's wagon, to make the crossing first; it was the duty of plaintiff to wait for defendant's train to pass before he attempted to cross; and if he could, by the exercise of due diligence, have discovered the approach of defendant's train; and if plaintiff attempted to cross in front of defendant's train, knowing of its approach, or if, by the exercise of due diligence he could have discovered its approach, he would be the author of his own misfortune, and could not recover in this action, unless the jury should believe, from the evidence, that upon the manifestation of plaintiff's peril, those who controlled plaintiff's train failed to use due diligence to prevent the injury, or unless the jury should believe that those who controlled defendant's train injured the plaintiff wantonly, recklessly, or intentionally. To this charge the plaintiff also excepted. 5. Although the jury may believe from the evidence, that the agents and employees of the defendant neglected to use due care and diligence to avoid the collision, this did not relieve the plaintiff from the necessity of taking due care and precaution for his safety. Before attempting to cross the railroad track he was bound to use his senses to look and to listen in order to avoid the accident in

[Gothard v. Ala. Great Southern R. R. Co.]

this case, from defendant's approaching train. If he omitted to use his sense of sight and hearing, and drove thoughtlessly on the track; or if, using them, he saw or heard the train coming, and instead of waiting for it to pass, he undertook to cross the track, he so far contributed to the injury complained of by him as to deprive him of any right to recover, unless you believe from the evidence that, upon the manifestation of plaintiff's peril, those controlling plaintiff's train failed to use due diligence to prevent the injury, or unless the jury should believe that those controlling defendant's train injured the plaintiff wantonly, recklessly or intentionally. To the giving of this charge the plaintiff excepted.

In connection with these charges the court, in explanation of them, charged the jury " that the law required of the defendant and its agents and employees, who were controlling the defendant's train that ran against and injured the plaintiff, that degree of diligence which very careful and prudent men take of their own affairs, and that the defendants and its agents and employees, shall employ their care and prudence actively, as very careful and prudent men watch over their own important interests and enterprises of similar magnitude and delicacy ; that the law required of the plaintiff in attempting to drive his wagon across the defendant's track, at its intersection with Twentieth street in the city of Birmingham, ordinary care and diligence—only that care and diligence which an ordinarily careful and prudent man would exercise under similar circumstances." To this charge the plaintiff also excepted. There was a verdict for the defendant. The charges of the court, which are set out above in full, are assigned as error.

M. T. PORTER, and TERRY & LANE, for appellant.—The first and third charges are erroneous. It is the duty of those in charge of railroad trains to run them at such a rate of speed, when approaching public crossings, that they may control them speedily, and avoid collisions with persons and property. The observance of municipal and statutory requirements will not excuse from liability if in other respects there was a neglect of those precautions which ordinary prudence suggests as necessary to avoid accidents.—*South & North Ala. R. R. Co. v. Thompson & Garner*, 63 Ala. 494; *Memphis & Ch. R. R. Co. v. Lyon*, 62 Ala. 71; *S. & N. R. R. Co. v. Sullivan*, 59 Ala. 272; 46 Mo. 353; 50 *Ib.* 461. If the ordinance had prohibited the running of trains at a rate of speed greater than fifty miles an hour, could it be contended that it would not be negligence to run them at that rate over a street crossing, when those in charge of them could not see

the crossing, and when the train could not be seen by persons at the crossing until it was within twenty feet of them.

The second, fourth, and fifth charges invade the province of the jury, to whom the question of negligence, *vel non*, should be left. The controlling principle extracted from the cases cited *supra*, is that railroad companies, in running their trains, shall keep them under reasonable control, and that what is reasonable control depends on the peculiar facts and circumstances of the case, and the jury must determine what is reasonable control. A train should be run at a less rate of speed in a city when approaching a crossing on a frequented street than on one which is unfrequented, and at a less rate of speed where the view is obstructed than where it is open and unobstructed.

HEWITT & WALKER, and RICE & WILEY, for appellee.—(No brief on file.)

SOMERVILLE, J.—In every action for damages, where the defense of contributory negligence arises, the question always to be determined is, whether the negligence of the plaintiff contributed proximately to the injury of which he complains. It is not essential that he should have been the *cause* of the injury. It is sufficient to defeat a recovery, if the plaintiff could have avoided the injury by the exercise of reasonable or ordinary care and prudence, unless, perhaps, in those cases where the misconduct of the defendant, which produces the injury, is wanton, reckless or intentional. Shearman & Redf. on Neg. § 34; Wharton's Law Neg. § 300.

The doctrine is properly stated by STONE, J., in *Tanner's Ex'r v. Louisville & Nashville R. R. Co.* 60 Ala. 621. The rule, as there settled, is, that although a plaintiff may be at fault in exposing himself to peril, yet if he uses proper diligence in escaping when the danger becomes apparent, and the servants of the company fail to use all the proper means in their power by the exercise of which the danger might be avoided, the railroad company is liable for the injury proximately produced, and the original negligence is no defense to the action.

The principle is stated as follows, in Field on the Law of Damages, § 170: "The plaintiff cannot recover, notwithstanding the negligence on the part of the defendant, if he has so far contributed to the accident, by the want of ordinary care, that but for that, the accident would not have happened; but, though the plaintiff has so contributed to the accident, he is not disentitled to recover if the defendant, by ordinary care, could have avoided the consequences of

[Gothard v. Ala. Great Southern R. R. Co.]

the plaintiff's neglect, and when, but for the plaintiff's neg-
ligence at the time, he might have escaped the consequences
of the defendant's negligence, he cannot recover." This rule
is correct as a general one, but more than ordinary care is
required of those having the control of steam-engines and
the management of railroad trains. The law exacts, in such
cases, a care and diligence proportionable to the hazard of
the enterprise, which has been declared by this court to be
"that degree of diligence which very careful and prudent
men take of their own affairs."—*Railroad v. Waller*, 48 Ala.
459; *Tanner v. Railroad*, 60 Ala. 621.

In the case at bar, as the evidence tends to show, the
plaintiff placed himself in a position of great peril. He
drove his wagon and team of oxen upon the crossing, when
his view was so obstructed that he could not see the ap-
proaching locomotive, then very near at hand. It has been
repeatedly held, that to walk or drive upon the track of a rail-
road without looking in both directions so as to discover
approaching engines or trains, is such negligence as would
preclude a recovery unless the defendant could have averted
the resulting injury by the exercise of all the proper means,
reasonably capable of adoption at the time.—*Railroad v.
Hunter*, 33 Ind. 335; (5 Amer. Rep. 201); *Railroad v. Weber*,
76 Penn. St. Rep. 157; (18 Amer. Rep. 407). Many of the
adjudged cases have gone so far as to hold, that where the
approach to a railroad was dangerous, because the track
could not be seen beyond the point of crossing, one failing
to pause and listen, before attempting to cross the track, is
guilty of such negligence, *per se*, as to preclude any recovery,
and that the question of contributory negligence should not
even be permitted to go to the jury.—Field on Damages,
§ 175, and cases cited.

In *Railroad Co. v. Godfrey*, 71 Ill. 500, it was said: " As a
general rule, it is culpable negligence to cross the track of a
railroad at a highway crossing, without looking in every di-
rection that the rails run, to ascertain whether a train is ap-
proaching."—Sherman & Redf. on Neg. § 483, and note. The
same court said, in *Railroad Co. v. Gretzner*, 46 Ill. 74: " If
a party rushes into danger which, by ordinary care, he could
have seen and avoided, no rule of law or justice can be in-
voked to compensate him for any injury he may receive. He
must take care, and so must the other party."—*Railroad Co.
v. Hail*, 87 Ill. 529.

The case of the *Pennsylvania Railroad Co. v. Beale*, 73
Penn. St. 304, was similar to the one under consideration.
The line of the railroad was obstructed from the view of a
traveler on a highway, who was approaching a crossing in a

wagon. He failed to stop and look before he attempted to cross the track. It was held, that this was such contributory negligence as to defeat a recovery for the death of the traveler, which was produced by collision with a passing train at the crossing. It was his duty not only to stop, but to look and listen, using both his eyes and ears to discern approaching trains, and a failure to do so, the court said, was negligence *per se.*—*Railroad v. Hetherington*, 83 Ill. 510 ; *Railroad Co. v. Weber, supra.* The principle settled in this, and other like cases, may be taken as sound, with the qualification, that the defendant would, nevertheless, be liable if, by the exercise of reasonable care and proper prudence, the accident could have been avoided or the injury averted. *Button v. R. R. Co.* 18 N. Y. 240 ; *R. R. Co. v. McElmurry*, 24 Ga. 75 ; *Tanner v. Railroad, supra ; S. & N. Ala. R. R. v. Thompson*, 62 Ala. 494.

The running of a railroad train within the limits of a city, at a rate of speed prohibited by its ordinances under a penalty, would constitute negligence.—*Correll v. Railroad*, 38 Iowa, 120, (18 Amer. Rep. 22). The evidence in this case showed that the speed permitted by an ordinance of the city of Birmingham, where the injury occurred, was six miles per hour. If the defendant did not exceed this rate of speed, and the engineer was ringing the bell at the time the locomotive was approaching the crossing, when the accident in question transpired, this would *prima facie* be an exercise of due caution in this particular regard.—Code (1876), § 1699. There was no evidence rebutting this presumption, or tending to show that the rate of speed permitted by the city ordinance was unreasonably fast, and not duly proportioned to the danger to be apprehended of inflicting injury upon others. The case of the *Nashville & Decatur R. R. Co. v. Comans*, 45 Ala. 437, is hereby overruled so far as it is in conflict with this opinion, it being entirely opposed to the vast preponderance of authority.

The rulings of the Circuit Court were a clear recognition of the principles expressed in this opinion, and were, therefore, correct.

Judgment affirmed.