[Blake et al. v. Harlan et al.]

# Blake *et al.* v. Harlan *et al.*

*Proceeding in Probate Court Contesting Validity of Will.*

1. *Misjoinder; when objection to, waived.*—When the probate of a will is contested by one of the testator's children, who is a married woman, if it is improper to join her husband with her as a contestant, the misjoinder is waived by joining issue and going to trial on the merits, and is not available on motion in arrest of judgment.

APPEAL from the Probate Court of Cleburne.

Heard before the Hon. T. J. BURTON.

A petition was filed in the Probate Court of Cleburne by John Blake and Henry Blake, propounding for probate what purported to be the last will and testament of Thomas Blake, deceased, in which proponents, who were his sons, were named as executors. Citations were issued to the next of kin, who appeared and filed their objections in writing to the probate of the will. The contestants were John F. Hilton, and his wife, Celia Hilton, and S. W. Harlan and his wife, Mora Harlan. The trial was by jury, who found against the validity of the will. A motion in arrest of judgment was made by the proponents, on the ground that S. W. Harlan and John F. Hilton were improper parties to said contest, and were improperly joined with their wives as co-contestants. This motion was overruled by the court.

For some cause not appearing upon the record, but as appears from the opinion of the court, the bill of exceptions was stricken from the record, which renders it unnecessary to note the numerous assignments of error on appeal.

JOHN T. HEFLIN, for appellant.

ELLIS, SMITH & BAKER, *contra.*

SOMERVILLE, J.—The statute relating to contesting the validity of wills, when presented for probate, provides that they may be contested not only by "any person who, if the testator had died intestate, would have been an heir or distributee of his estate," but by "any person interested therein." Code, 1876, § 2317. In such cases the person making application to probate the will occupies the attitude of a plaintiff, and the contestant of the will that of a defendant.

In this case two of the children of the testator, who were married women, were the contestants, and their husbands united with them in the contest. The appellants, as plaintiffs, joined issue with them, without raising any question as to an improper joinder of the husbands as parties defendant. The Probate Court decided against the validity of the will, and rejected it. It was objected, after verdict and judgment, that the contest should have been made by the married women alone, and that their husbands should not have been permitted to join them. This objection was sought to be raised by a motion in arrest of judgment. We need not decide whether this contest may be properly characterized as a suit relating to the separate estate of the wife, such as to require her to be sued alone, under the provisions of section 2892 of the present Code. *Mohon v. Tatum*, 69 Ala. 466. It is enough to say that the plaintiffs went to battle on the issue presented as to the validity of the will, without objection on the score of parties, and it was too late for them to afterwards raise the objection. This was an admission that all the contestants were interested in the contest, and was a waiver of any objection based on the want of interest in any one or more of them. If the issue had been decided against the appellees, they could certainly have derived no benefit from the alleged misjoinder by motion in arrest of judgment against themselves. No more should the appellants be permitted to do so.

The bill of exceptions having been stricken from the record, no other question is raised for our decision.

Judgment affirmed.