# Louisville & Nashville R. R. Co. *v.* Crawford.

*Action for Damages, on account of Personal Injuries.*

1. *Personal injuries to traveller or watchman at railroad crossing; contributory negligence.*—A person standing or walking on a railroad track at a public crossing, who fails to use his senses of sight and hearing to ascertain the approach of a moving train from any direction, is guilty of contributory negligence as matter of law, which bars an action for damages, unless the negligence of the persons in charge of the train was so reckless and wanton as to be the legal equivolent of willful, or intentional. This is the rule applicable to travellers and the public generally, and it applies *a fortiori* to a watchman or flagman employed by the railroad company for service at the crossing.

2. *Same; sufficiency of complaint in averments of negligence.*—A complaint against a railroad company, for personal injuries to plaintiff, a watchman in its employment, which alleges that it was the duty of the defendant, as a common carrier, to have and use in its business safe cars, engines and machinery, and to use suitable switch-engines in the

[Louisville and Nashville R. R. Co. v. Crawford.]

city in which the injury occurred, and to employ competent and prudent employees; that in disregard of this duty, on &c., defendant did, by its servants and agents, negligently and carelessly use a road-engine instead of a switch-engine for the purpose of switching its cars in said city, and did negligently and carelessly use a box-car in front of said engine, so as to intercept the light from the head-light of said engine; that while so using said engine, on the night the injury occurred, and while plaintiff was carefully performing his duties as watchman at the crossing of a public street, he saw said engine standing near said crossing, and saw it move off southward from said crossing; that he then walked along the street until he came to defendant's road-bed, keeping a careful look-out; that defendant's servants in charge of said engine negligently and carelessly reversed it, without ringing the bell, blowing the whistle, placing any light or brakeman on said box-car, or giving other signal of its approach, and propelled it against plaintiff while still on the track, whereby he was injured, &c.; and that said injury was caused by defendant's negligence in failing to keep and use suitable switch-engines, with a head-light upon the tender attached thereto, and a head-light in front thereof, and failing to ring the bell, or give other signal of its approach, and using a road-engine instead of a switch-engine,—shows a substantial cause of action.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by W. G. L. Crawford against the appellant corporation, to recover damages for personal injuries sustained by plaintiff, after dark on the 8th November, 1887, while in the performance of his duties as watchman on defendant's track at its intersection with Twenty-fourth street in the city of Birmingham. The third count of the complaint was in these words: "Plaintiff also claims $20,000 as damages, for that whereas" defendant was a common carrier, and was running cars and engines on its railroad between Birmingham and Decatur, and in and through the city of Birmingham, and it was its duty to have and use in its business good and safe cars, engines and machinery suitable for the purpose for which they were used, and suitable switch-engines for switching its cars in said city of Birmingham, and to employ competent and prudent employees in running its cars and engines; that disregarding this duty, on the 8th September, 1887, defendant did, by its agents and servants, "negligently and carelessly use a road-engine instead of a switch-engine, for the purpose of switching its cars in said city of Birmingham, and did negligently, carelessly and unskillfully use a box-car in front of said road-engine, so as to intercept the light from the head-light of said engine; that on the night of said day, while the defendant was so using said road-engine, and plaintiff was faithfully discharging his duty as watchman at the crossing of said Twenty-fourth street, under a contract with the Alabama

16

Great Southern Railroad Company, by which it became his duty to watch defendant's said road at said crossing, and while he was so performing his duties as watchman faithfully and carefully, he saw defendant's said road-engine standing near said crossing, and saw it move off southward from said crossing; that plaintiff then walked along said street until he came to defendant's road-bed, keeping a careful look-out for trains, and while he was on said road the defendant, by its servants in charge of said road-engine, did negligently and carelessly reverse the same, without ringing the bell, blowing the whistle, placing any light or brakeman on said box-car, or giving other signal of its approach, and did propel said engine and car very carelessly towards plaintiff, and did negligently run said box-car against him in the darkness, and knocked him down on the track," whereby he was injured, &c.; "that the injuries thus inflicted on plaintiff were caused by the negligence of the defendant in failing to keep in its business in said city engines suitable for switching its cars, with a head-light upon the tender attached thereto, and a head-light in front thereof, and failing to ring the bell, or give other signal of its approach, after reversing said road-engine, and negligently using a road-engine instead of a switch-engine; and plaintiff avers that it was made the duty of the defendant to ring the bell on said engine continuously, or give other signal, while moving in the city limits of Birmingham, where said accident occurred, by an ordinance of said city."

The defendant demurred to this count, assigning the following grounds of demurrer: (1.) That said count shows that plaintiff, at the time of the alleged injury, was in the employment of defendant and the A. G. S. Railroad Company; and that it was his duty to watch for the approach of trains at said crossing, and to give warning to persons travelling along the street of the approach of trains; and that, by the exercise of ordinary care, he could have observed the approach of said engine and car. (2.) That it shows it was plaintiff's duty as watchman, at the time of the injury, to watch for the approach of trains at said crossing, and to give warning to persons passing of the approach of trains; "and that by the faithful performance of his duties as such watchman, and by the exercise of ordinary care, he would have observed the approach of said engine and car." (3.) Said count shows that plaintiff "was guilty of gross negligence in failing to observe the approach of said engine and car, and such

negligence proximately contributed to the alleged injury."
(4.) The alleged ordinance of the city of Birmingham is
not sufficiently set out or shown. (5.) There is no aver-
ment in said count that it was plaintiff's duty, in the dis-
charge of his duties as watchman, to go upon said railroad
track at the time and place of the alleged injury. The court
overruled the demurrer, and the cause was tried on issue
joined on the pleas of not guilty and contributory negligence,
resulting in a verdict and judgment for plaintiff for $2,750.

The defendant asked the following (with other) charges
in writing, duly excepting to their refusal: (2.) "If the
jury believe from the evidence that the injury to the plain-
tiff was due to his own failure to look back while on the track,
and to the failure of the defendant's servants to give a signal
or warning of the approach of the engine and car, then they
must find for the defendant." (6.) "No failure of duty on
the part of the defendant, or of its employees, will excuse
the plaintiff from using his senses of sight and hearing at
the time he stepped on the track and walked on it; and if
the jury believe from the evidence that the use of either
sense by him would have enabled him to escape the danger,
then they must find for the defendant."

The overruling of the demurrer to the complaint, and the
refusal of the several charges asked, are now assigned as
error.

HEWITT, WALKER & PORTER, for appellant.

DICKEY & GILLESPIE, contra.

STONE, C. J.—The injury complained of in this case
occurred in the night-time, at the crossing of Twenty-fourth
street, city of Birmingham, by the defendant corporation's
railroad, and by the track of the Alabama Great Southern
Railroad Company. The plaintiff was the hired employee
of both of said railroad companies, and was watchman and
flag-man for each of them at said crossing. It was part of
his duty to keep a look-out for persons, vehicles and other
obstructions that might be on said crossing, and, when dan-
ger was discovered, to give warning, for the purpose of avoid-
ing accident or injury. The crossing was within the area
covered by the defendant railroad in its switching operations.
The railroad tracks at that point are parallel, and run east
and west. The plaintiff was on the track of the defendant

railroad company, and stationary, or moving leisurely, looking eastward all the while, and not looking west. Defendant's switch-engine, pushing a box car, approaching from the west, struck him, and did him serious injury.

We will not undertake to show that the defendant was not guilty of negligence. Some of the testimony, if believed, shows that it was so guilty. There is no testimony, however, which tends to prove that degree of wanton or reckless negligence, which precludes the defense of contributory negligence. If plaintiff was guilty of negligence, which contributed proximately to the injury he suffered, the law denies to him all right of recovery. We have many times declared this rule.

It is at all times a dangerous trespass to stand or walk on a railroad track, without preserving a watchful outlook for approaching trains. In *S. & N. R. R. Co. v. Thompson*, 62 Ala. 494, this court said: "It is the duty of travellers, approaching the intersection of a railroad with a public highway, to look out and listen for trains or engines; and a neglect of the duty, contributing to an injury, will avoid all right of recovery for it." In *Gothard v. Ala. Gr. So. R. R. Co.*, 67 Ala. 114, we quoted the following language, without dissent: "As a general rule, it is culpable negligence to cross the track of a railroad at a highway crossing, without looking in every direction that the trains run, to ascertain whether a train is approaching. If a party rushes into danger, which by ordinary care he could have seen and avoided, no rule of law or justice can be invoked to compensate him for any injury he might receive. He must take care, and so must the other party."

In *Railroad Company v. Houston*, 95 U. S. 697, the language of the court was: "The failure of the engineer to sound the whistle, or ring the bell, if such were the fact, did not relieve the deceased from the necessity of taking ordinary precautions for her safety. Negligence of the company's employees in these particulars, was no excuse for negligence on her part. She was bound to listen and to look, before attempting to cross the railroad track, in order to avoid an approaching train, and not to walk carelessly into the place of possible danger. Had she used her senses, she could not have failed both to hear and see the train which was coming. If she omitted to use them, and walked thoughtlessly upon the track, she was guilty of culpable negligence, and so far contributed to her injuries as to deprive

her of any right to complain of others." And in *Conti-
nental Improvement Co. v. Stead*, same vol. 161, that court
said: "Those who are crossing a railroad track are bound
to use ordinary care and diligence to ascertain whether a
train is approaching. They have, indeed, the greatest incen-
tive to caution, for their lives are in imminent danger if col-
lision happens; and hence it will not be pretended, without
evidence, that they do not exercise proper care in a given
case. But, notwithstanding the hazard, the infirmity of
the human mind in ordinary men is such, that they often do
manifest a degree of negligence and temerity entirely incon-
sistent with the care and prudence which is required of
them—such, namely, as an ordinary prudent man would ex-
ercise under the circumstances. When such is the case,
they can not obtain reparation for their injuries, even though
the railroad company be in fault. They are the authors of
their own misfortune."

In *Durbin v. Oregon & Nav. Co.*, 32 Amer. & Eng. R. R.
Cas. 149, "Plaintiff had passed the crossing many times
before, and was familiar with it. She had always used great
care in looking for trains, but on this occasion she did not
stop to look or listen. Her team came into collision with a
passing engine, and she sustained considerable damage.
*Held*, that the plaintiff was guilty of contributory negligence,
and could not recover."

Mr. Beach, Contributory Negligence, § 9, says: "It is
tolerably well settled that, under such circumstances [cross-
ing a railroad track on grade], a traveller must look up and
down the track attentively, and a failure to do this is gen-
erally negligence as a matter of law." We might add cita-
tions indefinitely, but consider the foregoing as sufficient.
We regard the question as settled in Alabama, by our rul-
ings cited above; and that a failure to employ the senses on
approaching a railroad crossing, when such employment
would insure safety, is, as matter of law, contributory negli-
gence, and a complete defense to a suit for injuries sustained
by the negligent handling of the railroad, unless such neg-
ligence was so reckless and wanton, as to be, in law, the
equivalent of willful or intentional.—*Tanner v. L. & N.
R. R. Co.*, 60 Ala. 621; *M. & C. R. R. Co. v. Copeland*,
61 Ala. 376; *Cook v. Cen. R. R. & B. Co.*, 67 Ala. 533;
*Cen. R. R. & B. Co. v. Letcher*, 69 Ala. 106; 3 Brick. Dig.
372, §§ 25 *et seq.*

It is not every degree of recklessness that will bring this

doctrine into play. It must sustain a causal relation to the injury inflicted, and must raise such strong implication of reckless indifference, as to supply the bad element of willfulness or intention, and abstention from preventive activity, which, if exerted, might avert the catastrophe. This is the degree of recklessness which intensifies and magnifies negligence, until it becomes the legal and moral equivalent of willful or intentional wrong. Less than this, if held sufficient in degree, would, in many conceivable cases, secure to the complaining party a right of recovery, notwithstanding his own contributory negligence may have been as gross and reckless as that of defendant.—Beach on Contr. Neg. §§ 21, 22; *Tanner v. L. & N. R. R. Co.*, 60 Ala. 621; *Gothard v. Ala. Gr. So. R. R. Co.*, 67 Ala. 114; 4 Amer. & Eng. Encyc. of Law, 80, 81, and notes; *Frazer v. S. & N. R. R. Co.*, 81 Ala. 185. The principle we have stated is closely allied to the secondary stage of peril, and the duties it calls into exercise, stated approvingly in *Tanner's Case*, 60 Ala. 621. See *Terre Haute & I. R. R. Co. v. Graham*, 12 Amer. & Eng. R. R. Cases, 77; *Chicago & Eastern R. R. Co. v. Hedges*, 25 *Ib.* 550.

No man should put himself in peril; and if he negligently do so, the duty of active effort to avert injury is as binding on him, as is the defendant corporation's duty to do all in its power to extricate him. If he fails in this, when such effort would probably save him from harm, he can not be heard to complain that the defendant failed to do for him what he neglected to do for himself.

We have stated the duty required of mere travellers. By how much stronger reason should it be exacted of a watchman, or flag-man, whose special office requires him to watch and give warning to others of approaching danger?

The City Court erred in refusing to give each of the charges two and six, asked by the defendant.

The third count of the complaint is sufficient, and the demurrer to it was rightly overruled.

Reversed and remanded.