| 90 | 161 |
| 90 | 190 |
| 90 | 199 |
| 92 | 267 |

| 90 | 161 |
| 94 | 587 |

| 90 | 161 |
| 97 | 303 |
| 97 | 353 |

# Leak *v.* Georgia Pacific Railway Co.

*Action for Damages by Administrator of Person Killed by Railroad Accident.*

1. *Contributory negligence in crossing railroad track in front of approaching train; failure of engineer to blow whistle or ring bell on approaching public road crossing, as showing wantonness, recklessness, or intentional wrong.*—A person who attempts to cross a railroad track in front of an approaching train, without looking up or down the track, is guilty of such negligence as bars a recovery of damages by his administrator for injuries causing his death; unless the defense of contributory negligence is overcome by proof of such gross negligence, on the part of the persons in charge of the train, as amounts to recklessness, wantonness, or intentional wrong; and the failure of the engineer, on approaching a public road crossing at which the accident occurred, to blow the whistle or ring the bell, does not show that degree of negligence.

APPEAL from the Circuit Court of Calhoun.

Tried before Hon. LEROY F. BOX.

This action was brought by James D. Leak, as administrator of the estate of Charles Hawkins, deceased, to recover damages for personal injuries which resulted in the death of said Hawkins, who was run over and killed by a train of cars belonging to the defendant corporation; and was commenced on the 14th July, 1887. The accident occurred in May, 1887, at a public road crossing in the county,.where an "excursion train" was standing on the track of the Anniston & Atlantic road, which there runs parallel with defendant's road, the space between the two roads being about ten or twelve feet. The excursion train had stopped to put off passengers, and several were alighting, when the defendant's train came by, moving at the rate of about twenty miles an hour. The deceased was approaching, but, as the witnesses testified, did not look up, though the approaching train was in full view; and he was struck by it just as he stepped on the track. The crowd were making a good

deal of noise at the time—"the usual noise of such a crowd on an excursion train," as one witness expressed it; and the evidence was conflicting as to whether the engineer on the defendant's train, as he approached the crossing, either blew the whistle or rang the bell, as required by the statute. The bill of exceptions purports to set out all the evidence, but a full statement of it is not necessary to a proper understanding of the points decided by this court.

The plaintiff asked five charges in writing, and duly excepted to their refusal; the first three of which, in substance, each claimed a verdict, if the defendant's engineer, in charge of the train, failed to blow the whistle or ring the bell on approaching the crossing, and if the decedent, on perceiving his danger, made every effort to escape the impending peril; the fourth asserted, that if the defendant "was guilty of reckless, wanton, or intentional negligence, then no contributory negligence on the part of Hawkins would defeat plaintiff's right to a recovery in this action," and the fifth, that "if the said Hawkins walked on the railroad track, in front of the approaching train, without looking, this would not defeat plaintiff's right to recover, if the jury believe from the evidence that defendant was guilty of reckless, wanton, or intentional negligence." The court charged the jury, on request, that they must find for defendant, if they believed the evidence; and to this charge plaintiff excepted. The charge given, and the refusal of the charges asked, are here assigned as error.

BROTHERS, WILLETT & WILLETT, for appellant.

KNOX & BOWIE, contra.

STONE, C. J.—The testimony most favorable to the plaintiff in this case shows that his intestate attempted to cross defendant's railroad track, when there was an approaching train in very close proximity to him; that he looked neither up nor down the track, and that if he had looked, he could not have failed to see the approaching train, and thus have escaped the injury which caused his death. This, under our decisions, was negligence in him as matter of law, and not simply evidence of negligence to be passed on by the jury. *S. & N. R. R. Co. v. Thomas,* 62 Ala. 494; *Gothard v. Ala. Gr. So. R. R. Co.,* 67 Ala. 114; *L. & N. R. R. Co. v. Crawford,* 89 Ala. 240. In the case last cited we considered this question very fully, and need not reproduce the authorities cited in support of it.

So, in the same case, we defined the meaning, import and

[Leak v. Georgia Pacific Railway Co.]

extent of the adjectives, *reckless* and *wanton*, which, under our rulings, so intensify negligence as to make it actionable, notwithstanding plaintiff may have been guilty of negligence which contributed proximately to the injury complained of. We said that, "to have this effect, the negligence must be so pronounced, betray such indifference to injuries likely to ensue, as to be the legal and moral equivalent of intentional wrong. This is the only grade of negligence which precludes the defense of contributory negligence." "Less than this", we said, "would, in many conceivable cases, secure to the complaining party a right of recovery, notwithstanding his own contributory negligence may have been as gross and reckless as that of defendant." The defendant's failure, if it did fail, to sound its whistle, or ring its bell, was not such reckless negligence as would overcome the plea of contributory negligence; and under no phase of the testimony was plaintiff entitled to recover. The general charge in favor of defendant was rightly given.

Affirmed.

On application for a rehearing, the following opinion was delivered on a subsequent day of the term:

STONE, C. J.—It is contended for the appellant that the amendment to section 1147, Code of 1886, approved February 28, 1887—(see note to that section)—has so changed the law that *Thomas' Case*, 62 Ala. 494, and *Gothard's Case*, 67 Ala. 114, are not applicable to a case like the present. We can not assent to this. The amendment has certainly enlarged the operation of the statute; but the chief alteration consists in shifting the burden of proof, and placing it on the railroad in certain cases, when the injury is to a person. The injury complained of in the present case was to the person, and was suffered at a public road, or street crossing; and the case, therefore, falls within the provisions of the amended statute. We can not, however, find or suppose that the legislature intended to abrogate or qualify the doctrine of contributory negligence, when the injury is inflicted at one of the places at which the statute requires the whistle to be blown, or the bell to be sounded.

The testimony as to a compliance with the statute on the part of the railroad was in conflict. Ordinarily, this would present a question for the jury. On the other hand, there was no conflict in the testimony, that intestate attempted to cross the railroad track without looking to the right or left, and that if he had looked he could not have failed to see the

[Donnor v. Quartermas.]

approaching train, and would thus have escaped harm. This was palpable negligence, and contributed proximately to his death.

Application for rehearing denied.

90  164
93  243

90  164
94  565

90  164
98  368

90  164
101  655

90  164
106  610

90  164
128  179
128  183

90  164
139  327