# Louisville & Nashville Railroad Co. v. Hairston, Adm'r.

*Action to Recover Damages for Injuries Causing Death.* ·

1.   *Contributory negligence.*—One who walks along track of a railroad which is not imbedded in and does not form part of the public streets of a town, is a trespasser, and if he fails to use his sense of sight or hearing to discover the approach of moving trains, he is guilty of such contributory negligence as will bar a recovery for damages, unless the negligence of the persons in charge of the train which caused the injury was so reckless and wanton as to be the equivalent of willful or intentional wrong.

APPEAL from Lowndes Circuit Court.

Tried before Hon. JOHN MOORE.

This action was brought by W. L. Hairston, as administrator of the estate of George W. Hairston, deceased, to recover damages for negligently causing the death of plaintiff's intestate.    The defendant requested the court to give the general affirmative charge in its favor.

CHARLES P. JONES, for appellant.

J. C. RICHARDSON, for appellee.

McCLELLAN, J.—This action is prosecuted by W. L. Hairston, as administrator of George W. Hairston, deceased, and sounds in damages for the wrongful killing of the latter.    The *gravamen* of each of the several counts of the complaint is the wrong and negligence of a person in control of a locomotive, belonging to the defendant, and en-

gaged at the time of the casualty in moving or running the same on defendant's track in the village of Fort Deposit. This person is in some counts called the engineer, in others, the agent, and in yet others, the engineer or agent, in control of the locomotive and at the time moving it as aforesaid; but however designated, it is manifest that one and the same person is intended throughout the complaint, and that person was the engineer, or at least performing the duties of the engineer at the time in question. The evidence without conflict discloses that the person then and there in charge of the engine and directing and controlling its movements was the engineer. No fault, wrong or negligence is laid against any other person whatever.

The evidence tends to show that the engineer was negligent in failing to blow the whistle or ring the bell of his engine while moving in or through the town or village of Fort Deposit, as the statute requires, Code § 1144; and it is inferable from the evidence that this omission of the statutory duty had a proximate causal connection with the death of plaintiff's intestate.

But the deceased was a trespasser on defendant's track. The complaint itself, as the law construes it, shows this, and might have been well demurred to because of this disclosure, it not being alleged therein that the fatal injury was willfully or wantonly inflicted.—*Ensley R'y. Co. v. Chewning*, 93 Ala. 24. And the evidence without conflict shows that the deceased went upon the track and proceeded along its course walking between the rails, without looking to the right or left as he entered upon it, or stopping to listen for approaching trains, and without looking backward, or even forward, as he went his way along this course of danger manifest to the apprehension of all men of ordinary care and prudence. And being killed because of being there when in the exercise of due care and caution he would have been elsewhere, these facts show proximate contributory negligence on his part whether he was technically a trespasser or not. But it further appearing that the track between the rails of which the deceased was walking was that of defendant's main line, and it not appearing that it was in a public road or street and so incorporated therewith as to form a part of the roadway itself—as for instance where no part of the track or roadbed of the railway is above the surface of the street or public road, and only the rails are visible and they on a level with the street, thus inviting the public to use the track of the railway as a part of the roadway of the street—he had no right to be on the track at any time except for the pur-

[Capehart et al. v. Granite Mills.]

pose of immediately crossing it, and being there for the purpose of using it, and in fact using it, as a roadway, he was a naked trespasser for whom the engineer was under no duty to look out.—*Leak v. Ga. Pac. R'y. Co.*, 90 Ala. 161; *Louisville & Nashville Railroad Co. v. Webb*, 90 Ala. 185; *Louisville & Nashville Railroad Co. v. Crawford*, 89 Ala. 240; *Savannah & Western R'y. Co. v. Meadors*, 10 So. Rep. 141; *Glass v. Memphis & Charleston Railroad Co.*, 94 Ala. 581.

The negligence stated above is the only negligence that any phase or tendency of the evidence imputes to the engineer. There is absolutely nothing from which the jury could have inferred that he knew the deceased was in a position of peril or on the track, or even that he could have so known, sufficiently long before, to have averted the disaster. To the contrary it is clear upon the whole testimony that he acted promptly upon the first intimation of the peril of the deceased and did everything that the situation admitted of his doing to save him from the consequences of his own improvidence. It being thus apparent on the undisputed evidence, and beyond contrary inference, that the deceased's own negligence contributed proximately to his death and that the engineer, against whom alone the charge of wrong is made, was guilty of no wantonness, willfulness or intention to injure the deceased, but only of simple inattention, inadvertence, negligence, the general affirmative charge with hypothesis as requested by the defendant should have been given.—Authorities *supra; Ga. Pac. R'y. Co. v. Lee*, 92 Ala. 262; *Richmond & Danville Railroad Co. v. Vance*, 93 Ala. 144; *Anniston Pipe Works v. Dickey, Ib.* 418; *Alabama Great Southern Railroad Co. v. Hill, Ib.* 514.

For the error committed in refusing the charge in question, which is the subject-matter of the only assignment insisted on in argument, the judgment is reversed, and the cause is remanded.

Reversed and remanded.