# Southern Railway Co. *v.* Penney.

### *Killing Animals.* .

(Decided June 2, 1909.   Rehearing denied Dec. 16, 1909.—51 South. 392.)

1. *Railroads; Injury to Animals; Burden of Proof; Negligence.*— The provisions of section 5476, Code 1907, applies to an action for killing an animal although the killing was prior to the adoption of the Code, since section 10 provides that although the Code of 1907, should not affect any existing right, remedy or defense, such section shall not apply to rules of evidence.

2. *Same; Evidence; Jury Question.*—Where the action was against a railroad for killing a mule, the general charge for defendant was properly refused since the jury could have inferred that the mule was killed by some other train of defendant since it did not appear that no other train passed between the time the mule was turned in the pasture and was discovered.

3. *Charge of Court; Contradictory and Misleading.*—A charge asserting in effect that if the jury do not believe a witness as to one material part of the testimony they must believe him as to other parts is- properly refused as inconsistent and contradictory.

APPEAL from Madison Ciruçit Court. .

Heard before Hon. D. W. SPEAKE.

Action by Robert Lee Penney against the Southern Railway Company for damages for killing a mule. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charges were refused to the defendant: (2) "The burden of proof is on the plaintiff to show to your reasonable satisfaction that the mule was killed by reason of being struck by a locomotive or train of cars of the defendant, and that said killing was due to the negligence of the defendant's servants or employes." (3) "There is no presumption in this case, under the evidence, that the mule was killed by reason of defendant's negligence or that of its employes." (5) "If you believe from the evidence that

plaintiff's mule was killed on the night of July 7th by the train which was being 'operated by the witness White as engineer, and that the mule was with the mare at the time, and was killed by the same train and under the same circumstances, your verdict, under the evidence, must be for the defendant."

PAUL SPEAKE, and COOPER & COOPER, for appellant. —Presumption can never arise from inference but must rest upon positive evidence.—100 U. S. 693; 92 U. S. 281. The case at bar does not fall within the influence of *S & N. A. R. Co. v. Small*, 70 Ala. 499. Section 5476, Code 1907, has no application.—*A. G. S. v. Boyd*, 120 Ala. 525; *Eskridge v. Dittmar*, 51 Ala. 245; *Ex parte Buckley*, 53 Ala. 42; *S. & N. v. Morris*, 65 Ala. 193; *Brown v. A. G. S.*, 87 Ala. 37; *Smith v. L. & N.*, 75 Ala. 449; *Randolph v. B. & P. Sup. Co.*, 106 Ala. 501.

WALKER & SPRAGINS, for appellee.—The court properly left it to the jury to determine whether one of defendant's trains killed the mule in question.—*S. & N. v. Small*, 70 Ala. 499; 3 Elliott on Railroads, sec. 1214; Sec. 5476, Code 1907.

ANDERSON, J.—Section 5476 of the Code of 1907 places the burden of proof, when stock is killed by their locomotives or cars, upon railroads to show a compliance with the statute as to signals, etc., as well as to negative any other negligence, regardless of the place of the killing. This statute has undergone many changes in the different codes (see note to section 5476 of the Code of 1907), and as it existed in the Code of 1896 as section 3443, and as construed in the case of *A. G. S. R. R. v. Boyd*, 124 Ala. 525, 27 South. 408, the burden was not on the railroad, unless the killing was at a

place covered by the three preceding sections. But the statute, as it appears in the present Code, is similar to the one considered in the case of *Birmingham Mineral R. R. v. Harris*, 98 Ala. 326, 13 South. 377, and places the burden upon the railroad to acquit itself of negligence regardless of the place of the killing or injury to the stock. It is true, the alleged killing of the mule in question was prior to the present Code, but the case was tried subsequent to the adoption of the present Code of 1907, and as the change relates to a rule of evidence, the statute as it appears in the present Code, was applicable to this case.—Section 10 of the Code of 1907. The trial court did not err in refusing charges 2 and 3, requested by the defendant.

While the plaintiff's evidence was circumstantial, yet it afforded an inference for the jury that the mule was injured by a train of defendant, which resulted in the death of said mule. It is true White denied that his train, the one that killed the mule, was the one that struck the mule; but the jury could have inferred that the mule was injured by some other train, as the proof did not show that no other train passed between the time the mule was turned in and was discovered the morning of the 8th. The trial court did not err in refusing the general charge requested by the defendant.

Charge 5, refused to the defendant, if not otherwise bad, is contradictory and inconsistent. It instructs the jury, in effect, to believe White as to his freedom from fault, notwithstanding they may disbelieve his denial that the mule was killed when the mare was and under the same circumstances. In other words, if they do not believe White as to one material part of his evidence, they must believe him as to other parts.

The other charges refused to the defendant are so manifestly bad as to merit no comment.

The trial court did not err in refusing the motion for a new trial. It is insisted in brief that the verdict was contrary to charge 17, given at the request of the defendant. The said charge is not set out in full, and is merely alluded to in the motion for a new trial, but which does not set out the charge, even if it would be sufficient for it to appear in the motion, which we do not decide.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.