# Southern Railway Co. *v.* Cobb.

*Injuring Animal.*

(Decided November 21, 1912. Rehearing denied December 19, 1912.
60 South. 426.)

*Railroads; Injuring Animal; Negligence; Burden of Proof.*—
The burden being on the defendant to show an absence of negligence, the court properly refused an instruction asserting that the burden was on the plaintiff to prove actionable negligence on defendant's part, and that negligence was not presumed from mere proof of the striking of the mule by the train.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by H. C. Cobb against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following is charge A: "The question for the jury to decide is not alone whether plaintiff's mules were killed, or one killed and the other so badly injured by the defendant company that it was worthless; but before you can find for the plaintiff you must be reasonably satisfied from the evidence that the injury was caused by the negligence of the defendant or its employees, and the burden of proving such negligence rests in this case upon the plaintiff, and the negligence is not presumed from the mere proof of striking the mules."

LAWRENCE E. BROWN, for appellant. Charge A stated the proper rule of law and should have been given.— *Smith v. So. Ry.,* 50 South. 390; *A. G. S. v. Franklin,* 151 Ala. 376. It was never intended by the statute that where the owner of the stock was present when the injury occurred that the defendant should be required to

acquit itself of negligence.—105 Ind. 55; 75 Hun. 527; 11 Ky. L. Rep. 310. Counsel discuss the refusal to grant motion for new trial, but without citation of authority.

VIRGIL BOULDIN, for appellee. The matters insisted on by appellant have been determined adversely to them in the case of *So. Ry. Co. v. Penney,* 164 Ala. 188.

PELHAM, J.—After what has been said by the Supreme Court in the opinion rendered in the case of *So. Ry. Co. v. Penney,* 164 Ala. 188, 51 South. 392, the question of the burden of proof as applicable to this class of cases is foreclosed of any discussion, as this court is required by statute to follow the decisions of that court. Charge A, requested by the defendant, placing the burden of proof on the plaintiff, was therefore properly refused.

The evidence, or its tendencies and the inferences it affords, is in conflict on the plaintiff's right to recover, and the weight and credibility of the testimony is for the jury, who saw the witnesses and heard them testify. An examination of the evidence does not disclose a case authorizing us, under the well-known rule for reviewing such matters, to say that the court was in error in refusing the appellant's motion for a new trial.

Affirmed.