## Southern Ry. Co. *v.* Chambless, *et al.*

### *Damage for Killing Animal.*

(Decided April 14, 1914. Rehearing denied May 14, 1914.
65 South. 417.)

1. *Railroads; Injury to Animal; Action; Plaintiff; Mortgaged Property.*—Those having a separate interest in a chattel may join in an action to recover for an injury thereto, and if the mortgagor is only a bailee for the mortgagee, he has a right of action for injuries to his interest under section 2464, Code 1907; hence, where a horse was mortgaged, and the mortgage was past due, and the horse was left in the possession of the mortgagor, the mortgagor and mortgagee

[Southern Ry. Co. v. Chambless, et al.]

may join in an action in trespass against a railroad company for the killing of the horse, under an allegation that the horse was their property.

2. *Same; Employment.*—Where the evidence showed that each of plaintiffs had a right of action against defendant, an objection on the ground of misjoinder of plaintiffs cannot be raised for the first time on appeal.

APPEAL from Jackson Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Action by J. L. Chambless and another against the Southern Railway Company for killing a horse. Judgment for plaintiffs and defendant appeals. Affirmed.

LAWRENCE E. BROWN, for appellant. No brief reached the Reporter.

BOULDIN & WIMBERLY, for appellee. No brief reached the Reporter.

WALKER, P. J.—This was an action by the appellees to recover damages for the killing of a mare, alleged to be their property, by a locomotive of the appellant. The evidence showed that one of the appellees (plaintiff below) had been the sole owner of the mare, and was in possession of it at the time it was killed, prior to that time having included it in a mortgage to the other appellee, the law day of which had passed; the mortgagee allowing the mortgaged property to be retained by the mortgagor, who had paid interest on the mortgage debt.

The appellant contends that the general affirmative charge requested in its behalf should have been given because of a variance between the allegations and the proof as to the ownership of the mare. The evidence showed that each of the plaintiffs had a property interest in the mare, the one as the owner of it subject to an unforeclosed mortgage, and the other as the mortgagee.

One who injures property in the possession of another cannot defeat an action by the latter for such injury by showing the existence of a past-due mortgage of that property executed by the plaintiff to a third person with whom the defendant is not in privity.—*Hamilton v. Griffin,* 123 Ala. 600, 26 South. 243. If the mortgagor so in possession is to be regarded as merely a bailee (27 Cyc. 77), both he and the bailor, the mortgagee, had a right of action for a trespass committed during the existence of the bailment (Code, § 2464). Those having separate interests in a personal chattel, and who therefore might sue severally, may join in an action ex delicto for an injury to or destruction of the chattel, as separate actions are not required when the damage is entire for a single trespass.—30 Cyc. 112. The defendant in the instant case could not possibly have been prejudiced by the mortgagor and mortgagee joining in the action against it. It is really to its interest to have adjudicated in one suit the question of its liability to both the plaintiffs. But the mortgagor and mortgagee would be concluded by the judgment rendered in the case, and so the defendant would be relieved of any concern as to the apportionment of the damages for which it might be liable, as the plaintiffs could have but one recovery, and, in the event of a recovery, the question as to their respective shares in it would be one between themselves alone.—38 Cyc. 1158. Under the evidence both the plaintiffs were entitled to maintain the action, and the appellant has nothing to complain of in the action of the court in allowing a joint recovery by them on the evidence adduced.—*Simar v. Canaday,* 53 N. Y. 298, 13 Am. Rep. 523; *Eddy v. LaFayette,* 49 Fed. 807, 1 C. C. A. 441.

Furthermore, no objection on the ground of a misjoinder of plaintiffs was made in the court below. When

[Ballanger v. Shumate.]

the evidence shows that each of the plaintiffs has a right of action, it is too late to raise such an objection for the first time on appeal.—*Blake v. Harlan*, 80 Ala. 37; *Lehman, Durr & Co. v. Greenhut*, 88 Ala. 478, 7 South. 299.

The undisputed evidence was not such as to acquit the defendant of negligence in the killing of the mare, and the defendant was not entitled to require the court to give the written charges which were refused.—*Southern Railway Co. v. Penney*, 164 Ala. 188, 51 South. 392.

Affirmed.