# Seaboard Air Line Ry. Co. *v.* Roy.

### Crossing Accident.

(Decided May 18, 1915.   Rehearing denied June 1, 1915.
69 South. 233.)

1. **Railroads; Crossing Accident; Burden of Proof.**—Defendant has the burden of acquitting itself of negligence under § 5476, Code 1907, where plaintiff's evidence shows that his mule was killed in a collision with a train of defendant at a public crossing.

2. **Same; Safety Gate.**—The failure of a railroad to maintain safety gates at a public crossing, as required by a city ordinance, was negligence per se.

3. **Same; Proximate Cause; Jury Question.**—Whether defendant's negligence in failing to maintain safety gates as required by an ordinance proximately caused the injury to plaintiff's mule, in a collision with defendant's train, was a question for the jury under the evidence in this case.

4. **Same; Burden of Proof.**—Where the action alleged negligent operation of defendant's train in excess of eight miles an hour, in violation of an ordinance, the burden was upon plaintiff to show the violation, and that as a proximate result thereof, his mule was killed, and this could only be done by proving the speed of the train at the time.

5. **Evidence; Expert; Speed of Train.**—The witness who has observed the movements of trains, and has had previous opportunity to observe, and has observed, the speed of trains, may testify as to its speed at the time of the accident.

6. **Railroads; Crossing Accident; Jury Question.**—Whether the negligence of defendant or its agent proximately caused the killing, and whether plaintiff's agent was guilty of negligence proximately contributing thereto, were questions for the jury under the evidence in this case.

7. **Same; Contributory Negligence.**—In this case it was not enough that plaintiff's agent was guilty of negligence in driving upon the track, but to constitute a defense, such negligence must have contributed proximately to causing the injury.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by J. D. Roy against the Seaboard Air Line Railroad Company for damages for killing a mule. Judgment for defendant, which on motion of plaintiff, was set aside and new trial

ordered, from which order defendant appeals.   Affirmed.

This cause was reviewed by the Supreme Court on writ of certiorari, and the writ denied.—193 Ala. 679, 69 South. 1019.—Reporter.

STEINER, CRUM & WEIL, for appellant.   CHARLES L. HAROLD, for appellee.

BROWN, J.—While Clark, plaintiff's driver, was proceeding along North Court street, in the city of Montgomery, driving a team of mules hitched to a wagon, he drove upon the defendant's tracks, and one of the mules was stricken by a car that constituted and was a part of a train of 22 cars that were being pushed across Court street by an engine moving forward pushing the train of cars ahead of the engine.

The evidence on the part of the plaintiff tends to show that the street where it is crossed by the defendant's tracks is paved, and that the tracks are so set in the pavement that they are not discernible to ordinary observation until one is right upon or very near to them; that, while plaintiff's driver had crossed the tracks before the injury, he did not realize that he was approaching the track until the car collided with his team.   It is not questioned that the injury to the animal occurred at a public street crossing where the plaintiff's agent had a perfect legal right to cross the tracks of the defendant.   The negligence declared on in the counts of the complaint on which the case was submitted to the jury was:   General negligence in the operation of the train; negligence on the part of the engineer in failing to give the statutory signals of the approach of the train; moving the train forward at a greater rate of speed than eight miles an hour, in violation of a city ordinance; and failing to maintain "safety gates," as required by a city ordinance.   To these charges of negligence the defendant pleaded the general issue and contributory negligence on the part of the driver in that he failed to stop, look, and listen before going upon the track.

The trial resulted in a verdict and judgment in favor of the defendant, and on a subsequent day of the term, on motion of the plaintiff assigning numerous grounds, among others, that the court was in error in refusing to allow the plaintiff to show the speed at which the train was moving at the time of the injury and the general ground that the verdict was contrary to the evi-

dence, the verdict of the jury was set aside, and a new trial ordered.

(1) That the plaintiff's mule was killed, or so injured that it was necessary to have it killed, by being run upon by defendant's train at a public crossing, is not disputed. Therefore the burden was upon the defendant to acquit itself of negligence.—Code, § 5476; *Southern Ry. Co. v. Penney,* 164 Ala. 188, 51 South. 392; *Southern Ry. Co. v. Chambless,* 10 Ala. App. 326, 65 South. 417.

(2, 3) It is admitted that the defendant had failed to maintain safety gates at this crossing, as required by the ordinance of the city, as averred in the eighth count of the complaint. The failure to maintain gates at this crossing, as required by ordinance, was negligence per se.—*Watts. v. Montgomery Traction Co.,* 175 Ala. 105, 57 South. 471. But whether this negligence proximately caused the injury was a question for the jury.— *Gothard v. A. G. S. R. R. Co.,* 67 Ala. 114.

(4) The affirmative charge was given at defendant's request as to the sixth count, imputing the injury to negligence in operating the train in excess of eight miles an hour, in violation of a city ordinance. Under this count the burden was on the plaintiff to show a violation of the city ordinance, and that as a proximate result thereof the mule was run upon and injured.—*Gothard v. A. G. S. R. R. Co., supra.* This could only be done by proving the speed of the train at the time, and the testimony elicited by the questions asked the witnesses Clark and Avery was of the res gestæ, and it was not incumbent on the plaintiff to qualify the witnesses as experts.

(5) A witness who has observed the movement of a train, and who has had previous opportunity to observe, and has observed, the speed of trains and other vehicles, may testify as to its speed.—*L. & N. R. R. Co. v. Stewart,* 128 Ala. 313, 29 South. 563; *K. C., M. & B. R. R. Co. v. Crocker,* 95 Ala. 412, 11 South. 262; Jones on Ev. § 362; *Brown & Flowers v. Central of Ga. Ry. Co.,* 185 Ala. 659, 64 South. 581.

(6) Under the issues and evidence in the case, it was a question for the jury whether the negligence of the defendant or its agents proximately caused the injury, and also whether the plaintiff's agent was guilty of negligence that proximately contributed to causing the injury.

(7) It was not enough that the plaintiff's agent was guilty of negligence in driving upon the track, but to constitute a de-

[Louisville & Nashville R. R. Co. v. Risenstein.]

fense such negligence must have contributed proximately to the injury, and in solving this question the speed of the train at the time of the injury was an important fact.—*L. & N. R. R. Co. v. Stewart, supra.*

We entertain the opinion, for reasons above stated, that the trial court was justified in granting the motion for a new trial, and the order appeal from will be affirmed.

Affirmed.