# Southern Railway Co. *v.* Negron.

### Injury to Stock.

#### (Decided November 16, 1916.  73 South. 14.)

1. **Railroads; Injury to Stock; Burden of Proof.**—Where the action was against a railroad company for negligently killing a mule by one of its trains, the burden was on plaintiff to reasonably satisfy the jury that one of defendant's trains killed the mule.

2. **Same; Instruction.**—In such an action an instruction that there is no presumption that the mule was killed by defendant's railroad company was properly refused, since the charge as framed excluded presumptions of fact, as well as of law, and thereby invaded the province of the jury.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Louis Negron against the Southern Railway Company for damages for killing a mule.  Judgment for plaintiff and defendant appeals.  Affirmed.

Transferred from the Court of Appeals.

STOKELY, SCRIVNER & DOMINICK, for appellant.  HARSH, HARSH & HARSH, and C. C. MCNABB, for appelllee.

SOMERVILLE, J.—This is an action against the defendant railroad company for the negligent killing of plaintiff's mule by one of defendant's trains.

(1) The burden was on plaintiff to reasonably satisfy the jury that one of defendant's trains killed the mule, and the jury were clearly instructed to that effect by the trial judge.  The evidence offered by plaintiff to show the fact of killing was wholly circumstantial, and, it may be conceded, was weak and unsatisfactory.

We have examined the evidence and its tendencies with critical care, and we do not feel justified in holding, as insisted by appellant, either that there was not sufficent evidence to take the case to the jury, or that its probative tendencies were not strong enough to support the verdict for plaintiff, within the test that governs our revisory action in such cases.—*S. & N. A. R. Co. v. Small,* 70 Ala. 499; *So. Ry. Co. v. Penney,* 164 Ala. 188, 51 South.

[Darling, et al. v. Hanlon.]

392. A discussion of the evidence here would be of no value, and the mere statement of our conclusion must suffice.

(2) The trial judge did not err in refusing to instruct the jury at defendant's request that "there is no presumption that the mule was killed by defendant railroad company." It is true there was no presumption of law that this mule was killed by defendant's train, but the charge, as framed, excluded presumption of fact as well as of law, and thereby invaded the province of the jury.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.