153 So. 465

### LOWERY v. LOUISVILLE & N. R. CO.
#### 6 Div. 444.

Court of Appeals of Alabama.
Nov. 14, 1933.

Rehearing Denied Nov. 28, 1933.

Affirmed on Mandate March 6, 1934.

J. T. Johnson, of Oneonta, for appellant.

Dortch, Allen & Dortch, of Gadsden, P. A. Nash, of Oneonta, Steiner, Crum & Weil, of Montgomery, and Charles H. Eyster, of Decatur, for appellee.

BRICKEN, Presiding Judge.

The appellant instituted this action to recover damages for the destruction of a chattel on which he held a mortgage and which was in the possession of the mortgagor at the time of its destruction.

Count 1 claimed damages for a conversion; counts 2 and 3 claimed damages for the negligent destruction of the chattel. The court below sustained the demurrer to count 2 and overruled the demurrer to defendant's plea

No. 3, alleging payment of damages to the mortgagor. These two rulings bring before us the main questions of law involved in this case and dispense with the necessity of considering other questions.

■ Count 2 and count 3 are identical with the exception that count 2 omits to state the place where the accident occurred. Any error, therefore, in sustaining the demurrer to count 2 was without injury, as the appellant could get all the benefit under count 3 he could have obtained under count 2. For that reason we hold that the ruling as to count 2 was error without injury, if error intervened.

, ■ Under section 5670 of the Code 1923, both the mortgagor and the mortgagee could maintain an action for the conversion of or injury to the mortgaged property. Southern Ry. Co. v. Chambless, 10 Ala. App. 326, 65 So. 417.

■■ One question presented by the ruling on plea 3 is whether a release by the mortgagor in possession at the time the cause of action accrued is a bar to an action by the mortgagee for damages arising from the same cause of action. We are of the opinion that the question must be answered in the affirmative. Harris v. Seaboard Air Line Ry. Co., 190 N. C. 480, 130 S. E. 319, 49 A. L. R. 1452; Masterson v. I. & G. N. Ry. Co. (Tex. Civ. App.) 55 S. W. 577; Jones, Chattel Mortgages, § 447, a. We are of the opinion, however, that plea 3 was defective and the demurrer thereto should have been sustained. It nowhere appears with sufficient certainty that Reid released the defendant from liability. Construing the plea most strongly against the pleader, the settlement with Reid was only for his interest in the truck. Reid had the right to settle with appellee for his interest in the truck without prejudicing appellant's right to recover for his interest in the truck, and, in the absence of an averment to the contrary, we cannot assume that the settlement included anything more. The appeal is on the record alone; we do not know what the facts in this regard are, consequently we are not informed by the record as to whether the ruling was error without injury. At any rate, injury is not refuted by the record.

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Lowery v. Louisville & N. R. Co., 228 Ala. 137, 153 So. 467.