---

# Tʜᴇ Wᴇsᴛᴇʀɴ Uɴɪᴏɴ Tᴇʟᴇɢʀᴀᴘʜ Cᴏᴍᴘᴀɴʏ

*v.*

# Tʜᴇ Pᴀᴄɪғɪᴄ ᴀɴᴅ Aᴛʟᴀɴᴛɪᴄ Tᴇʟᴇɢʀᴀᴘʜ Cᴏᴍᴘᴀɴʏ.

1. Pʀᴀᴄᴛɪᴄᴇ ɪɴ ᴛʜᴇ sᴜᴘʀᴇᴍᴇ ᴄᴏᴜʀᴛ—*a writ of certiorari will not be allowed to bring up an original bill—not considered by the court below in its decree dismissing the cross bill.* Where the record shows, that the court below, in refusing an

injunction and dismissing a cross bill, acted *alone* upon such bill, without considering the original bill, in the proceedings thereunder, a writ of *certiorari* will not be allowed to bring up a copy of the original bill. In such case, it is not necessary that this court should inspect both the original and cross bills, in order to determine whether the court erred in its decree.

2. ERRORS—*confession of—by appellee.* And where, on an appeal to this court, from a decree denying an injunction and dismissing the cross bill of appellant, the appellant assigned as error—1st, That the court erred in denying the injunction ; 2d, That the court erred in dismissing said cross bill ; 3d, That the court erred in rendering a decree against the plaintiff, and 4th, That the court erred in not granting the relief prayed for by plaintiff ; and the appellee afterwards confessed these errors, with the exception of the 4th : *Held,* that appellee thereby admitted, that the cross bill, on its face, presented a case, which, unanswered, in equity entitled appellant to an injunction.

3. PRACTICE IN CHANCERY—*cross bills—upon filing of—to render final decree— without answer or default—error.* It is error for the court to render a final decree, upon the filing of a cross bill, granting the relief thereby sought, when no answer had been filed thereto by the defendants, nor any steps taken to place them in default.

4. SAME—*rights of defendants in chancery—when final decree can be rendered.* A defendant, in chancery, has a reasonable time, within which to interpose his defense, by way of demurrer or answer, and, unless it is upon a bill *pro confesso,* or on a default to file an answer under the rules of practice, a final decree can not be rendered, except on a final hearing regularly had.

5. JURISDICTION—*of the courts of this State—co-extensive only with its limits.* The jurisdiction of our courts is only co-extensive with the limits of the State, and they can not send their process for service into other States and jurisdictions, for any purposes whatsoever.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

Mr. J. D. CATON and Messrs. DENT & BLACK, for the appellants.

Messrs. TYLER & HIBBARD and Mr. GEO. C. CAMPBELL, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

This was an appeal from the Superior Court of Chicago, from a decree refusing an injunction and dismissing appellants' cross bill and amended cross bill. On the meeting of this court appellants entered a motion for a temporary injunction, according to the prayer of the bill, to restrain appellees from attaching their telegraph wires on the poles upon which the wires of appellants were suspended, along the route of the Columbus, Chicago & Indiana Central Railway Company, extending from Chicago towards La Crosse, Indiana. The motion was allowed and the injunction granted, to continue in force until the further order of the court, or until this appeal should be decided.

Appellees entered a motion for the allowance of a writ of *certiorari* to bring up a copy of appellees' original bill, filed in the court below, and in which case this cross bill was filed. This motion was, however, denied, because it appears, from the record in this case, that the injunction was denied and the cross bill was dismissed upon that bill alone, without reference to the original bill, or proceedings thereunder, or any answer to the cross bill. Had the decree been otherwise, and it had appeared the application was heard upon it and the cross bill, then it would have been necessary to have before us the original bill of appellees, and have determined from it and the cross bill whether the court below had erred in dismissing the cross bill. But when we see that the superior court acted alone on the cross bill, and held that it, on its face, contained no equity, we can see that there was a final decree on the cross bill, and that it was not necessary to refer to the original bill, as it was not considered by the court on the hearing in the superior court. Hence, the motion for the writ of *certiorari* was refused.

On filing the record in this court, appellants assigned upon it these errors:

"1st. That said superior court erred in denying the injunction.

"2d. That said court erred in dismissing said cross bill and amended cross bill respectively.

"3d. That said court erred in rendering a decree against the plaintiff.

4th. That said court erred in not granting the relief prayed for by the plaintiff."

Afterwards, appellees confessed all but the last error. Having done so, they thereby confess that the bill, on its face, and, as it was framed, presented a case, which, unanswered, in equity entitled appellants to an injunction. This being so, it is unnecessary to discuss the questions presented by the errors which were confessed.

As to the fourth assignment of error, it is only necessary to say, that the case was not ripe for a hearing. It would have been error to have rendered a final decree granting the relief sought, on filing the amended cross bill, without answer or default. The practice in courts of chancery gives to defendants a reasonable time to interpose a defense, by way of demurrer and answer, and it would violate that rule of practice to grant the prayer of the bill merely upon its being filed, and upon a motion for a temporary injunction. In this case, the amended cross bill had just been filed, and appellees had not answered, nor had any steps been taken to place them in default. Unless it is on a bill *pro confesso*, on a default to file an answer, under the rules of practice a final decree can not be rendered except on a final hearing regularly had. This error is not well assigned.

After this case was submitted for decision, appellants entered a further motion to enlarge the injunction heretofore granted— to extend its operation so as to restrain appellees from attaching their wires to the poles upon which the wires of appellant are suspended in the State of Indiana. This motion must be

denied for the want of jurisdiction. The jurisdiction of our courts is only co-extensive with the limits of our State. They can not legally send their process into other States and jurisdictions for service. If the exercise of such a jurisdiction were attempted, and an injunction granted, and it should be disobeyed by persons in Indiana, this court would be powerless to enforce the injunction by attachment, and hence, the effort to exercise such a power would be readily defeated. But we are of the opinion that neither law nor comity between distinct State or national organizations, sanctions the authority of one such body to exercise jurisdiction over the citizens and their property, while both are beyond the jurisdiction of the tribunal in which the proceeding is pending. The courts of this State can not restrain citizens of another State, who are beyond the limits of this State, from performing acts in another State, or elsewhere outside of, and beyond the boundary lines of this State. Any other practice would necessarily lead to a conflict of jurisdiction.

But, for the errors confessed, the decree of the court below must be reversed and the cause remanded for further proceedings.

The injunction granted by this court will be continued until appellees shall file an answer to the cross bill and amended cross bill, when they will be at liberty to move to dissolve the injunction, precisely as if it had been granted by the superior court in the first instance. And if such a motion shall be entered, the court below will proceed according to the practice in such cases, and make such an order on the motion as the case may require.

*Decree reversed.*