## FARGO *v.* REDFIELD and others.

*(Circuit Court, D. Vermont.* November 29, 1884.)

RAILROAD COMPANY — EXPRESS FACILITIES — ROAD IN PART IN FOREIGN JURISDICTION — INJUNCTION.

An injunction may be granted by the circuit court to restrain a railroad corporation, one part of whose line is in a foreign country and the other in a state, from interfering with the facilities enjoyed by an express company, and from refusing to receive and transport its messengers and express matter for reasonable and just compensation over that part of the road within the state. *Southern Express Co.* v. *St. Louis, etc., Ry. Co.* 10 FED. REP. 210, followed.

In Equity.

*Luke P. Poland,* for orator.

*W. D. Crane,* for defendants.

WHEELER, J. The principles laid down by Mr. Justice MILLER in *Southern Express Co.* v. *St. Louis, etc., Ry. Co.* 10 FED. REP. 210, must be and are fully recognized as authoritative in this class of cases. No real question is made about their general correctness. The principal controversy is in respect to their application to the circumstances of this case. The principal line of the defendants' railway, over which the orator claims the right to do express business, lies about one-fifth in Vermont and four-fifths in Canada. The part in Vermont belonged to a Vermont corporation; the part in Canada

to a Canadian corporation. The Vermont corporation leased its road to the Canadian corporation for 99 years, and the Canadian corporation mortgaged the whole to the defendant trustees—two of whom reside in Canada and one in Vermont—to secure mortgage bonds, and the trustees are in possession for breach of the condition of the mortgage. The other defendant is their manager of the whole. It is argued for the defendants that no relief can be granted here, because the accommodation of express companies by railroad companies in the province of Quebec, where the Canadian portion of this railroad lies, is regulated by statute, which would cut the rights of the orator down to what the defendants are willing to afford; that the court here has no jurisdiction over the enforcement of rights to accommodation on railroads in Canada; and that any attempted relief as to the part in Vermont would be ineffectual on account of the connection of that part with the part in Canada, and should not be undertaken. The orator insists that the statute does not materially alter the common law as to the rights in question, and that as the relief now sought by injunction is strictly *in personam*, and the parties are now before this court, the relief may properly be granted as to the whole line, the same as if it was wholly within this territorial jurisdiction.

The statute relied upon does not appear to much, if any, vary the rules of the common law upon this subject. It merely provides that any railway company granting any facilities to any incorporated express company shall grant equal facilities on equal terms and conditions to any other incorporated express company demanding the same. St. Quebec, 43 & 44 Vict. § 59, cl. 3. This is almost identical with the fifth proposition laid down by Mr. Justice MILLER, except that he applies the doctrine to all engaged in express business, instead of confining it to incorporated express companies. This statute might not stand in the way of the relief claimed by the orator. There is no question but that courts of equity may and do afford relief beyond their territorial jurisdiction by affecting the persons of parties within it, as by enforcing contracts in respect to land lying out of it. *Penn* v. *Lord Baltimore*, 1 Ves. 444; 2 Story, Eq. § 743. But here the relief sought is not of a private character. The defendants stand upon the rights of, and are performing the duties of, a public corporation in Canada and of another in Vermont. They do not hold the property as private tenants in common, but are administering a trust involving public as well as private interests. It does not seem proper that the performance of such duties should be enforced by any but the domestic tribunals. The orator has a contract in respect to what is now asked, but an enforcement of the contract is not sought; what is sought by this bill is accommodation for express business over the defendants' road at reasonable rates. The contract is to be resorted to only as evidence of reasonableness of accommodation and rates. The subject is of such a public character that so much of it as is

without this jurisdiction is left to be dealt with by the tribunals where it is. *W. U. Tel. Co.* v. *Pacific Tel. Co.* 49 Ill. 90; High, Inj. § 34. The connections between the parts of the road in the different countries might render the affording of relief by the courts of the other jurisdiction as difficult alone as that of the courts here, and the same reasons that would restrain this court within this jurisdiction would restrain those within that. The presumption is that the courts there will do full and exact justice to all interests in that jurisdiction, and nothing remains to this court but to do the same, so far as they are perceived, to the interests involved within this jurisdiction.

The defendants have a contract with the Dominion Express Company for doing express business over their lines at rates greatly in excess of what the orator is paying, and greatly beyond what the orator claims to be a reasonable rate. They offered to contract with the orator upon the same terms, which the orator declined to do for the reason, as alleged, that the rates would be ruinous; and the defendants have notified the orator to quit their lines or pay that rate. The orator has no right, and claims none, to interfere with any contract with any other company or person, but appears to have the right to have its agents and parcels transported over the defendants' road at reasonable rates, to be agreed upon by the parties or fixed by the courts. To fix an arbitrary rate, and deny all facilities except at that rate, is a denial of the right unless the rate is reasonable. The parties differ widely as to what is reasonable, and what might be quite reasonable with only one company doing the business might be very unreasonable if there were more; and what would be reasonable for the whole line might be greatly disproportionate to what would be for a part or parts only. What would be just cannot in any manner be settled in advance. The orator is entitled to the accommodation and facilities without waiting for an adjustment of the rates by the court, by furnishing security for their payment when adjusted, by agreement, or by the court. There is no question between the parties as to the solvency of the orator, or of the surety proposed by the orator, in case one should be required.

As this subject is now viewed, in view of the case cited, and of the decisions made by the highest courts as to the duties of common carriers to carry for all at reasonable and just rates, it is considered that the orator is entitled to a preliminary injunction similar to the one granted in that case, as to so much of the defendants' road as lies within the state and district of Vermont.

Let a writ of injunction issue to restrain the defendants, their managers, agents, and servants, from interfering with the facilities now enjoyed by and accorded to the orator on the railroad of the defendants within the state and district of Vermont, and from refusing to receive and transport the messengers and express matter of the orator for reasonable and just compensation therefor, to be agreed upon by the parties or adjusted by the court; the orator to be liable for all

such compensation, and to file a bond in this cause in the penal sum of $10,000, with sufficient surety, to be approved by a master within 20 days, for further security of the same.