## AMERICAN SCHOOL-FURNITURE CO. v. J. M. SAUDER CO.

### (Circuit Court, E. D. Pennsylvania.   February 13, 1901.)

### No. 24, October Sessions, 1900.

PATENTS—SUITS FOR INFRINGEMENT—ENJOINING SUITS IN OTHER JURISDICTIONS.
    A court in which a suit is pending for infringement of a patent, brought by a nonresident corporation against the manufacturer of an alleged infringing article, will not undertake to enjoin the further prosecution by

complainant of suits in other jurisdictions against sellers or users of such article until it shall have determined the validity of the patent, since it would be powerless to enforce such an order if made, having no jurisdiction over the complainant or its officers except for the purposes of the suit pending before it. At least, such an order should not be made unless a clear case of oppression is shown.

In Equity. Suit for infringement of patent. On motion by defendant for a restraining order.

Richard P. Elliott, for complainant.
Frank P. Prichard, for respondent.

J. B. McPHERSON, District Judge. This bill is filed by a New Jersey corporation against a manufacturer to redress an alleged infringement of letters patent; and, since the action was begun, three other suits have been brought in other federal courts by the same complainant upon the same patent,—two suits in the district of Massachusetts against users, and one suit in the district of Delaware against a seller, of the infringing article. The pending motion asks me to restrain the further prosecution of these three actions until the validity of the patent shall be determined in this district.

The power of a court to make such an order has been upheld in some jurisdictions, and denied in others. Examples of the respective decisions are Ide v. Engine Co. (C. C.) 31 Fed. 901, and Kelley v. Manufacturing Co. (C. C.) 44 Fed. 19, 10 L. R. A. 686. I have considered these conflicting rulings; and, while I do not find it necessary to decide that such an order as is now asked for should never be made, I am clear that it ought not to be made in the present case. The reason that controls my judgment is that the order could not be enforced; and I think that a judge should not make an order to which he cannot compel obedience. This court has no jurisdiction over the person of the complainant's officers or agents, or over the corporate property. The complainant is here merely as a party litigant, and nothing more could be done, therefore, towards making a restraining order effective, than to stay the suit that has been brought in this district, or to dismiss the bill, if the complainant should refuse to obey. Either course would compel the complainant to go on with one or other of the very suits now sought to be stayed, and I should be without power to prevent such prosecution.

Moreover, no facts have been laid before me that remove my reluctance to decide in what forum this complainant should bring its case to final judgment. The question of infringement can be tried out in any one of the suits now pending, and there may be reasons of convenience, and other reasons as well, that may incline the complainant to go on with the hearing in some other district than this. A clear case of oppression might perhaps justify this court in granting the relief now prayed for, but, in my opinion, such a case has not been made out. No doubt, the defendant's affidavit draws the inference of oppression, but the facts do not sufficiently support that conclusion.

Believing that this motion should be addressed to the courts in Massachusetts and Delaware, respectively, I feel obliged to refuse the application for a restraining order.