CARPENTER, BAGGOTT & CO. v. WILLIAM W. HANES.

(Filed 26 April, 1913.)

1. Injunctions, Mandatory—In Personam—Residence—Jurisdiction.
    A mandatory injunction to restrain an action upon the same subject-matter in a foreign jurisdiction is *in personam*, and will be issued only where both parties are residents of this State and the defendant is within our jurisdiction; and not where his residence and citizenship is in another State, and he is only constructively here, as by being plaintiff in the action wherein the restraining order is sought.

2. **Actions and Defenses—Pendency of Another Action—Demurrer —Jurisdiction—Practice.**

> The defense that another action is pending between the same parties on the same subject-matter is by demurrer (Revisal. sec. 474, 3) ; and it must appear that the other action is pending in this State.

APPEAL by plaintiffs from *O. H. Allen, J.,* granting a restraining order 12 December, 1912; from FORSYTH.

*Joseph E. Johnson for plaintiffs.*
*L. M. Swink for defendant.*

CLARK, C. J.   This is an appeal from a mandatory injunction.   The plaintiffs instituted an action in New York against the defendant 12 November, 1912, and obtained jurisdiction by attachment and garnishment.   On 18 November, 1912, the plaintiffs instituted this action against the defendants in this State for the same cause of action, being for the sum of $11,300 alleged to have been paid out in the purchase and sale of 5,000 bales of cotton at the request of the defendant and $750 for commissions thereon, less $9,305 that has been paid, leaving balance due the plaintiffs $2,475.   The defendant alleged that the transaction was a gambling transaction, being a dealing in "futures," and void under Revisal, 1689, 1690, and 1691, and asked for a recovery on a counterclaim of $3,000 which the defendant had put up as "margin" and which the plaintiffs had appropriated for their own use; and also a further counterclaim for wrongfully selling the cotton purchased by the plaintiffs for the defendant.   The defendant further alleges that the attachment in the New York proceedings was wrongfully sued out, in that the defendant had no property or effects in that State, and that the purpose and intention was to injure and harass the defendant, asking damages herein for such wrongful act.   The defendant further alleges that there was no personal service of process in New York in the suit instituted there, and that that action was for the same cause of action upon which this suit is instituted, and both parties being duly in court in this action (plaintiffs by bringing the action and the defendant by personal service), the defendant asks the court, in order to prevent multiplicity of suits and the expense attendant thereon, that a

restraining order issue to enjoin and restrain the plaintiffs, their attorneys and agents, from the further prosecution of the said cause in the courts of New York and from any interference thereby with the orders and process in this court, in so far as it embraces the cause of action set out in the complaint herein. The court issued a mandatory ·injunction in accordance with this prayer, and directed, further, that the plaintiffs and their agents and attorneys dismiss the said action in New York.

There are many cases that hold that the courts of a State where both parties are domiciled may restrain the prosecution of suits between such parties in a foreign jurisdiction. *Cole v. Cunningham,* 133 U. S., 107; *Morgan v. Sturgess,* 154 U. S., 256; *Cunningham v. Butler,* 142 Mass., 47. This power has been most frequently exercised in those cases where a resident creditor is seeking to evade the laws of his domicil, and the ability to exercise it rests upon having the person of the party enjoined within reach of the process of court. But even in such cases, the power should be exercised sparingly and only to suppress manifest injustice and oppression, and not from any arrogant sense · of greater ability to do justice to either party or because of more favorable laws, or of convenience of ·the parties. *Bigelow v. Copper Co.,* 74 N. J., 457, and many other cases.

But such power cannot be exerted to enjoin parties who are not domiciled in the jurisdiction of the court, merely on the ground that the party has come into court by bringing an action herein. Probably the only case that has asserted the power of the court to restrain a nonresident plaintiff from bringing an action in another jurisdiction is *Pickett v. Ferguson,* 45 Ark., 177, which was afterwards overruled by two cases in that State. *Griffith v. Langdale,* 53 Ark., 71, and *Greer v. Cook,* 88 Ark., 93.

Among the many cases holding that the court cannot thus enjoin a nonresident is *R. R. v. Telegraph Co.,* 49 Ill., 90; *Bank v. R. R.,* 28 Vt., 470; *Wicks v. Caruthers,* 8 Tenn., 353; *American School Co. v. Sauder Co.,* 106 Fed., 731; *Hawley v. Bank,* 134 Ill. App., 96.

In *Wierse v. Thomas,* 145 N. C., 264, *Hoke, J.,* says: "The correct doctrine was held to be that the courts of the resident creditor have power in proper cases to issue an injunction, not in restraint of the action of a court in another jurisdiction, but operating *in personam* on the creditor and compelling him to obey the laws of his own Commonwealth," quoting Judge Story Eq. Jur., sec. 899, as follows: "When, therefore, both parties to a suit in a foreign country are resident within the territorial limits of another country, the courts of equity in the latter may act *in personam* upon these parties, and direct them by injunction to proceed no further in such case." He also quotes with approval from *Keyser v. Rice,* 47 Md., 203: "The power of the State to compel its citizens to respect and obey its laws even beyond its own territorial limits is supported, we think, by the great preponderance of precedent and authority . . . As long as a citizen belongs to a State, he owes it his obedience; and as between States, that State in which he is domiciled has jurisdiction over his person and his personal relations to other citizens of the State."

It will thus be seen that the jurisdiction to issue a restraining order of the nature here sought depends upon the party affected being a resident of this jurisdiction. The mere fact that a nonresident plaintiff brings an action here does not place his person under the control of the court for all purposes, nor for any purpose other than affecting the prosecution of his action. The court may prescribe the terms upon which he may be allowed to prosecute his action here, but that is the limit of its authority. This is fully discussed and so held in *Bank v. R. R.,* 28 Vt., 470; *Wicks v. Caruthers,* 81 Tenn., 353; *R. R. v. Telegraph Co.,* 49 Ill., 90, and *Hawley v. Bank,* 134 Ill. App., 96, already cited, all of which point out that such injunction could not be enforced, if granted, when the party affected does not reside in the jurisdiction and has no property therein.

The doctrine to be derived from the authorities is thus stated in *Griffith v. Langsdale,* 53 Ark., 71: "When the debtor and creditor are domiciled in different States, and the creditor proceeds by attachment in the courts of the State of his domicile against the property of his debtor, there is no cause for inter-

162—4

SMITH *v.* WINSTON.

ference by injunction on the part of the courts of the debtor's domicile, even though the creditor be temporarily found within their jurisdiction. This is necessarily so, for the equitable jurisdiction in this class of cases arises only from the creditor's effort to evade the law of the State of his domicile."

If the parties were both domiciled here, such an injunction as this would not lie, but the remedy is by a demurrer, "That there is another action pending between the same parties for the same cause" (Revisal, 474, 3), and in such case even, it must appear that the other action is pending in this State. *Ridley v. R. R.,* 118 N. C., 996; *Sloan v. McDowell,* 75 N. C., 29.

The mandatory injunction was improvidently granted.

Reversed.