(76 South. 364)

WEAVER v. ALABAMA GREAT SOUTHERN R. CO. (7 Div. 850.)

(Supreme Court of Alabama. June 21, 1917.)

1. COURTS ⬤⟹7—JURISDICTION—ACTION ORIGINATING IN ANOTHER STATE.

The courts of one state may take jurisdiction of a transitory cause of action originating in another state when the defendant has been locally found and served, although both parties are at the time domiciliary residents of the foreign state.

2. INJUNCTION ⬤⟹33—RESTRAINING PROSE·CUTION OF SUIT IN SISTER STATE.

When both parties to an action in a sister state are residents of another, the courts of equity in the latter may act in personam, and direct the parties by injunction to proceed no further in such suit.

3. INJUNCTION ⬤⟹33 — FULL FAITH AND CREDIT—RESTRAINING SUIT IN SISTER STATE.

The exercise of the power by the courts of a state to restrain its own citizen from prosecuting a suit in a sister state is not in violation of Const. U. S. art. 4, §§ 1, 2, guaranteeing full faith and credit in each state to the judicial proceedings of the several states.

4. INJUNCTION ⬤⟹33—RESTRAINING SUIT IN SISTER STATE—GROUNDS—SUFFICIENCY.

Respondent sued complainant in Georgia for injuries resulting from a collision between its train and respondent's automobile in Alabama. In the latter state, if respondent failed to stop, look, and listen immediately before crossing, or deliberately, having measured his distance, took the chances of clearing the crossing ahead of the train, he could not recover for the previous simple negligence of the railroad. In Georgia, such conduct is merely evidence to be considered in determining whether the injured party has exercised ordinary care. Complainant brought a bill to restrain respondent from prosecuting further in a suit in Georgia, alleging that respondent was guilty of contributory negligence in the manner stated. Respondent and all witnesses resided in Alabama. Held, that the difference between the laws of the two states would deprive complainant of a substantial right, and that a temporary writ was properly granted.

5. INJUNCTION ⬤⟹33—RULES OF EVIDENCE—SUBSTANTIVE LAW.

As the law of Alabama declares that such contributory conduct conclusively establishes the defense of contributory negligence, it withdraws such issue from the field of evidence and creates a rule of substantive law, making the rule that the lex fori should control as to the rules of evidence inapplicable.

Appeal from Chancery Court, De Kalb County; J. E. Blackwood, Chancellor.

Bill by the Alabama Great Southern Railroad Company, an Alabama corporation, against Walter Weaver, a resident of De Kalb county, Ala., to enjoin the prosecution by respondent of an action for damages against complainant in the city court of Atlanta, Ga. From an order granting a temporary writ, respondent appeals. Affirmed.

The injury for which respondent is suing in the Georgia court was the result of a col-

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lision between complainant's train and respondent's automobile, at a public road crossing in De Kalb county, Ala., and the action is based upon the alleged negligence of complainant in the operation of its train, and in the structure of the grade crossing where the accident occurred. The gravamen of the bill is that respondent has resorted to the Georgia court for the enforcement of his claim against complainant in preference to an Alabama court, in order to evade the effect of the laws of Alabama; the allegation being that respondent is guilty of contributory negligence which proximately caused the injuries sued for, in that he either failed to stop, look, and listen for an approaching train before crossing the railroad track, or else, having seen the approaching train, he measured the distance and deliberately took the chance of clearing the crossing ahead of the train, and further, that under the decision of the Supreme Court of Georgia such conduct on the part of plaintiff, even when the injury occurs in Alabama, does not, as in Alabama, constitute per se a legal bar to a plaintiff's recovery, but, on the contrary, is merely evidence to be considered by the jury in determining whether a plaintiff's conduct has violated the standard of ordinary care, and so amounted to a culpable negligence in the causation of his own injury. The bill charges that by unfairly resorting to the Georgia court respondent intends to and will substantially evade and nullify the legal defense which would, on the facts of the case, defeat his cause of action, and prevent any recovery thereon if presented in an Alabama court. It is alleged also that all the witnesses in the case reside in De Kalb county, Ala., and are not subject to process from the Georgia court, and that a trial there will be inconvenient and expensive and oppressive. The application for a temporary injunction was set down for hearing under section 4528, Code 1907, and the submission was on the bill, answer, affidavits, and verified photographs of the railroad at and above the crossing.

Carmichael & Wynn, of Birmingham, for appellant. Goodhue & Brindley, of Gadsden, for appellee.

SOMERVILLE, J. [1] It is well settled that the courts of one state may take jurisdiction of a transitory cause of action originating in another state, when the defendant has been locally found and served, even though both parties are at the time domiciliary residents of the foreign state. Eingartner v. Illinois Steel Co., 94 Wis. 70, 68 N. W. 664, 34 L. R. A. 503, 59 Am. St. Rep. 859, and note, 869; Tenn. Coal Co. v. George, 233 U. S. 354, 34 Sup. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685.

In this case it is not denied by complainant that the city court of Atlanta, Ga., has ac-

200 ALA.—28

quired jurisdiction of the cause, and may properly proceed with its trial and determination, if prosecuted there by the plaintiff.

[2] Complainant, however, invokes another principle which is also thoroughly well settled by the highest authority. This principle is stated by Judge Story as follows:

"But, although the courts of one country have no authority to stay proceedings in the courts of another, they have an undoubted authority to control all persons and things within their own territorial limits. When, therefore, both parties to a suit in a foreign country are resident within the territorial limits of another country, the courts of equity in the latter may act in personam upon those parties, and direct them, by injunction, to proceed no further in such suit. In such a case, these courts act upon acknowledged principles of public law in regard to jurisdiction. They do not pretend to direct or control the foreign court, but, without regard to the situation of the subject-matter of the dispute, they consider the equities between the parties, and decree in personam according to those equities, and enforce obedience to their decrees by process in personam. * * * It is now held that whenever the parties are resident within a country, the courts of that country have full authority to act upon them personally, with respect to the subject of suits in a foreign country, as the ends of justice may require; and, with that view, to order them to take, or omit to take, any steps or proceedings in any other court of justice, whether in the same country, or in any foreign country." Story, Eq. Jur. §§ 899, 900.

This text is quoted, and its doctrine affirmed, in Cole v. Cunningham, 133 U. S. 107, 118, 10 Sup. Ct. 269, 33 L. Ed. 538, Allen v. Buchanan, 97 Ala. 399, 402, 11 South. 777, 38 Am. St. Rep. 187, Engel v. Scheuerman, 40 Ga. 206, 2 Am. Rep. 573, Wierse v. Thomas, 145 N. C. 264, 59 S. E. 58, 15 L. R. A. (N. S.) 1008, 122 Am. St. Rep. 446, and in Judge Freeman's note to Eingartner v. Illinois Steel Co., 94 Wis. 70, 68 N. W. 664, 34 L. R. A. 503, 59 Am. St. Rep. 859, 879. The leading text-writers are in full accord with Judge Story: 6 Pom. Eq. Jur. § 670; 1 High on Injunctions, §§ 103, 107; 16 A. & E. Enc. Law, 421; 14 R. C. L. §§ 113–116. A few of the leading cases in which this doctrine is expounded and applied are: Dehon v. Foster, 4 Allen (Mass.) 545; Keyser v. Rice, 47 Md. 203, 28 Am. Rep. 448; Sandage v. Studabaker Co., 142 Ind. 148, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. Rep. 165; Rader v. Stubblefield, 43 Wash. 334, 86 Pac. 560, 10 Ann. Cas. 20, and note, 26. The chief foundation for the rule is that:

"As long as a citizen belongs to a state, he owes it obedience, and as between states, that state in which he is domiciled, has jurisdiction over his person, and his personal relations to other citizens of the state." Keyser v. Rice, supra; Sandage v. Studabaker Co., supra; Carpenter v. Hanes, 162 N. C. 46, 77 S. E. 1101, Ann. Cas. 1915A, 832; 14 R. C. L. § 114.

[3] It is now settled beyond controversy that the exercise of this power of restraint by the courts of a state over its own citizens does not offend the federal Constitution, especially sections 1 and 2, art. 4, guaranteeing full faith and credit in each state to the judicial proceedings of the several states,

and equality of privileges and immunities for their citizens. Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538; Allen v. Buchanan, 97 Ala. 399, 403, 11 South. 777, 38 Am. St. Rep. 187.

The power is not exercised capriciously, nor merely to compel litigants to use the courts of their own state, nor even because the complainant has good reason to apprehend a less favorable result for himself in the foreign court. 14 R. C. L. § 119. The true basis for its exercise is, we think, correctly stated by Judge Freeman, as follows:

"It may, therefore, with confidence, be affirmed that the courts of one state may enjoin the prosecution of a judicial proceeding in another state upon substantially the same grounds that the courts of one nation may enjoin the prosecution of a suit or action in the courts of another nation. It will be found, upon an examination of the decisions upon this subject, that it is not necessary, in order to obtain relief, to establish the usual grounds for equitable interposition, namely, fraud, accident, or mistake, but that it will be sufficient to entitle a citizen of a state to injunction, preventing another citizen thereof from prosecuting an action against the former in the courts of another state, to show that *the purpose or necessary effect of such action is to obtain an advantage to which the plaintiff therein is not entitled in the* domicile of the parties." (Italics ours.) Note to Eingartner v. Illinois Steel Co., 59 Am. St. Rep. 869, 880.

Numerous authorities supporting this statement of the law are collected in the notes to Rader v. Stubblefield, 10 Ann. Cas. 26, and Greer v. Cook, 16 Ann. Cas. 673. A purpose *to evade the effect of the law of the domicile of the parties*, by suing in a foreign state where the substantive law is materially different, is everywhere recognized as a sufficient ground for injunctive relief. 14 R. C. L. § 116, and cases cited. This is founded on the just conception that there is essential injustice in the enforcement of rights and duties according to any other standard than that fixed by the law of the place where the parties reside, and where the right or duty arose and the alleged breach occurred. The doctrine is summarized by the Supreme Court of Georgia in Engel v. Scheuerman, 40 Ga. 206, 2 Am. Rep. 573, by declaring that:

"In the language of the Master of the Rolls, in Cranstown v. Johnston, 3 Vesey, Jr. 183, this court will not permit the defendant to avail himself of the law of any other country, to do what would be gross injustice."

[4] And we may here appropriately observe that *it makes no difference whether the law to be evaded is one of legislative enactment* (as in Allen v. Buchanan, 97 Ala. 399, 11 South. 777, 38 Am. St. Rep. 187) or of judicial decision, for the injustice of the result is the same in either case, and the logic of the remedy tolerates no such distinction. The real and decisive question in the instant case is whether or not there is such a difference between the law of Georgia and the law of Alabama, with respect to the effect of respondent's conduct in crossing complainant's railroad track upon his right to recover for the negligence of complainant,

as would deprive complainant of a substantial right in resisting and defeating respondent's action in the Georgia court. Or, to state it differently, can respondent there subject complainant to liability, notwithstanding conduct of his own which in Alabama courts would be a complete legal bar to such liability?

In Alabama it is a fixed rule of law that one who goes upon a railroad track without stopping, looking, and listening for approaching trains immediately before doing so, and thereby proximately contributes to his injury by collision, cannot recover damages for the previous simple negligence of the railroad company; and where obstructions interfere with his view of the track, it is all the more his duty to stop, look, and listen at a point where he can best see and hear, and, seeing or hearing, avoid an onrushing train. L. & N. R. R. Co. v. Turner, 192 Ala. 392, 68 South. 277, and cases cited; Peters v. So. Ry. Co., 135 Ala. 533, 33 South. 332; C. of Ga. R. R. Co. v. Foshee, 125 Ala. 213, 27 South. 1006; Gothard v. A. G. S. R. R. Co., 67 Ala. 119.

So, also, it is a fixed rule of law in Alabama that one who discovers the imminent approach of a train moving at a dangerous rate of speed, and, measuring the distance to the crossing, attempts to beat the passage of the train, and fails to his hurt, cannot recover for the previous simple negligence of the railroad company. M. & C. R. R. Co. v. Martin, 117 Ala. 367, 386, 23 South. 231.

In Georgia the doctrine of comparative negligence has been established by statute, but, in adjudicating causes of action originating in other states, the Georgia courts will apply the statutory law of these states, in so far as the substance of the right may be affected thereby. If the right to be adjudicated is not controlled by a statute, the Georgia courts will apply to it the principles of the common law as *they have themselves interpreted and expounded that law*. And, with respect to causes of action originating in Alabama, they expressly declare:

"We are not bound by the interpretation of the common law as made by the courts of Alabama. As to what is the common law on this subject, this court is not only competent to decide, although the accident occurred in Alabama, but it is its duty to decide, the common law being the same in both jurisdictions." Krogg v. Atlanta, etc., Railroad, 77 Ga. 202, 4 Am. St. Rep. 79; Thomas v. Clarkson, 125 Ga. 72, 54 S. E. 77, 6 L. R. A. (N. S.) 658.

In Georgia, as in Alabama, the plaintiff's contributory negligence is, on common-law principles, recognized as a defense which bars a recovery. And in either state the general standard of negligence is the same, namely, the doing or omitting to do of that which a man of ordinary prudence would not do, or omit to do, under similar circumstances. But here the parallel ends. The Georgia view of the common law in cases like this can best be stated in the language of Bleckley, C. J., speaking for the court

in the leading case of R. & D. R. R. Co. v. Howard, 79 Ga. 44, 3 S. E. 426:

"The precise thing which every man is bound to do before stepping upon a railroad track is that which every prudent man would do under similar circumstances. If prudent men would look and listen, so must every one else, or take the consequences so far as the consequences might have been avoided by that means. The court cannot instruct the jury what a prudent man would do, for in legal contemplation the jury know it better than the court. If instructions on that subject had to be given, the jury would be the instructors and the court the instructed; that is, the jury would charge the judge on that part of the case, rather than receive a charge from him. It is not for the court to teach the jury the ways of the prudent man, but to warn them of the duty on the part of all others to make their ways like his. The court cannot point out to the jury specifically the ways of the prudent, the law supposing those ways better known to the jury than to the judge. *It is not incumbent upon the court to instruct the jury that it is the duty of one who attempts or intends to cross a railroad track to use his senses of hearing and seeing before stepping on the track.*" (Italics ours.)

In that case the following charge was held to have been properly refused by the trial judge:

"When one attempts or intends to cross a railroad track, it would be his duty, before stepping on the track, to use his senses of hearing and seeing; and, if he fails to do it, and you believe that in such failure he was not in the exercise of ordinary care, and that ordinary care required him to look and listen, and if he had done so he would have avoided the injury, then your verdict should be for the defendant."

The foregoing statements pointedly exhibit the radical difference between the theories of the law which govern respondent's case in Georgia and in Alabama.

[5] Counsel for respondent recognize the difference, of course, but they insist that the difference is not one of *substantive law*, but only of *procedure*; that it is, in short, a difference merely in the rules of evidence and the sufficiency of proof, as to which this court, in harmony with the authorities generally, has held that the lex fori should always control. Helton v. Ala. Mid. R. R. Co., 97 Ala. 285, 12 South. 276; 5 R. C. L. 1044, § 136. This rule is sound enough, so far as the course of the trial court is concerned, but it does not go to the root of the present question; for, we apprehend, if the law of Georgia, contrary to the law of Alabama, disqualified from testifying the only witness by whom complainant could establish its defense, respondent's resort to a Georgia court, in order to suppress the testimony of that witness, would be as unfair, and the result as perversive of justice, as would be a complete denial of the doctrine of contributory negligence as a defense.

But, however that may be, we cannot agree that the question involves merely a rule of evidence. So far as the courts of Georgia are concerned, it may be conceded that the plaintiff's conduct, whatever it may be, since it is merely some evidence to be considered by the jury in applying the standard of due care at their own discretion, does involve only a matter of evidence. But in Alabama the particular conduct here at issue is not merely evidence tending to prove a conclusion, but it is per se a defense to the suit. When the law declares that such contributory conduct conclusively establishes the defense of contributory negligence, it withdraws the issue from the field of evidence, and creates a rule of substantive law. This result is clearly stated by Prof. Wigmore in his observations on so-called conclusive presumptions:

"Wherever from one fact another is conclusively presumed, in the sense that the opponent is absolutely precluded from showing by any evidence that the second fact does not exist, the rule really provides that, where the first fact is shown to exist, the second fact's existence is wholly immaterial for the purpose of the proponent's case; and to provide this is to make a rule of substantive law, and not a rule apportioning the burden of persuading as to certain propositions, or varying the duty of coming forward with the evidence. The term has no place in the principles of evidence, and should be discarded." 1 Greenl. on Ev. (16th Ed.) p. 108.

An apt example will be found in Hall, etc., Co. v. Haley, etc., Co., 174 Ala. 190, 202, 56 South. 726.

In the case before us, it is clear that, by resorting to the Georgia court for the enforcement of his alleged claim against complainant, respondent seeks an adjudication thereof under a theory of the law which denies to complainant the benefit of a perfect legal defense which would be available to him in Alabama courts, a result which is offensive to justice and equity. Nor is it any answer to say that a jury of Georgia might, if they saw fit, deny a recovery to respondent because of his contributory conduct; for in an Alabama court respondent's alleged conduct would entitle complainant to a verdict *as matter of law*, and the change of forum denies to complainant this affirmative legal right.

Upon these considerations, we think that the bill of complaint exhibits a proper case for the exercise of the injunctive process prayed for, and that, upon the pleadings and evidence before the trial court, the temporary writ of injunction was properly issued.

There is no merit in the contention that complainant's appearance by attorney for defense of the suit in the Georgia court was such a submission to the jurisdiction of that court as waived complainant's right to maintain this bill. The question is in no sense one of jurisdiction, but merely of respondent's equitable right to prosecute that suit to the evasion of the laws of the state in which both parties reside, and in which they found occasion for the exercise of mutual duties in the premises.

Complainant's personal appearance, after a writ of garnishment has been served on one of its debtors, accomplished no more than a personal summons would have done, and, for the purposes here concerned, the mode of service is immaterial.

The case of Tenn., etc., Co. v. George, 233 U. S. 354, 34 Sup. Ct. 587, 56 L. Ed. 997, L. R. A. 1916D, 685, upon which appellant strongly relies, merely holds that an Alabama statute cannot, while creating a transitory cause of action, deny to the courts of other states the right to entertain a suit for its enforcement. It does not even refer to the case of Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538, and has no sort of bearing on the present case.

Let the decree of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.