Henry H. Wehrhane et al., Individually and as Execu-
tors v. Bernard Peyton, Individually and as Executor

Superior Court        Fairfield County        File No. 72668

Memorandum filed October 18, 1946.

*Cummings & Lockwood,* of Stamford, for the Plaintiff.

*Marsh, Day & Calhoun,* of Bridgeport, for the Defendant.

QUINLAN, J.  The usual briefs were finally concluded and filed well along in the summer.  These briefs run to a consider-able length.  First impressions have been confirmed, after deliberate consideration.  Very large interests are involved and without the most respectful attention to the claims and citations a trier cannot be certain that a sound claim has escaped him.

The relief sought is for a permanent injunction by the plaintiffs, who as individuals are not residents of Connecticut, against Bernard Peyton as an individual and executor of his mother's estate, against proceedings started by Peyton in the same capacities in New York against the plaintiffs in this action as individuals and executors and trustees.  In the action in this court, Peyton, as an individual, has not been served and has not appeared.  In the New York action, so far as the evidence goes, the plaintiffs in this action have been dismissed as defendants in their representative capacity.

This statement as I view the situation suffices to give the setting for the controlling legal principles. It is close to the end of the plaintiffs' brief that these questions are discussed. They seem to be fundamental if not elemental.

It was because the case was so serious and well argued and briefed by the plaintiffs, and because of the apparent similarity between the questions concluded by our Supreme Court. (*Peyton* v. *Wehrhane,* 125 Conn. 420), in a declaratory judgment action and the questions posed by the New York action, indicating a strong equity for the plaintiffs in this action, that diligent effort has been expended by the court.

Be that as it may, and recognizing the right of the courts of a state in a proper case to restrain one of its citizens from prosecuting an action in another state, *Hartford Accident & Indemnity Co.* v. *Bernblum,* 122 Conn. 583, 589, nevertheless, it appears that this action seeks an injunction, the plaintiffs are nonresidents, and the action as to them in their representative capacity has been dismissed in New York. Actions of this kind can be entertained only as between residents of the same state. See note, 69 A. L. R. 591-597, *Barrett* v. *Russell,* 135 N. Y. S. 34, *Carpenter* v. *Hanes,* 162 N. C. 46, *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.,* 74 N. J. E. 457; *American Express Co.* v. *Fox,* 135 Tenn. 489. Even then, "the power should be exercised sparingly and only to suppress manifest injustice and oppression, and not from any arrogant sense of greater ability to do justice to either party or because of more favorable laws or of convenience of the parties". *Carpenter* v. *Hanes,* supra 48. Perhaps the authority most frequently cited, and known to have been uttered by a jurist later occupying a place on the Supreme Court of the United States, is the Bigelow case, supra, 473: "It is averred in the bill that the actions now pending before the Supreme Judicial Court of Massachusetts are equitable actions. It is by implication admitted in the bill, and was most fully admitted in argument, that that court has the amplest equity powers; and it is equally clear that the causes there pending are, with respect both to subject-matter and to parties, within its jurisdiction.

"They must be very special circumstances that will justify this court in restraining the prosecution of an equitable action already pending in a court of such ample jurisdiction. I speak not of any limitation upon the power of this court, but upon

the propriety of its exercise in the particular case. Its exercise is not to be properly based upon any theory that this court knows better how to do justice than the court of last resort of that commonwealth; that it can weigh evidence better or more justly apply to the facts any general principle of law or of equity, nor upon the ground that this court recognizes different rules of law or of equity from those which obtain in the commonwealth.

"A condition precedent to an application to this court for relief in all ordinary cases is the absence of a full, adequate, and complete remedy elsewhere.

"And besides, there is the general rule, essential to the orderly administration of justice, that as between courts otherwise equally entitled to entertain jurisdiction, that court which first obtains possession of the controversy ought to be allowed to proceed and dispose of it without interference, a rule established, of coures, primarily for the benefit of the suitor, rather than for the protection of the dignity of the court."

So that if this court is in error in declining to enter an enjoining order because of the nonresident status of the plaintiffs, there is the weighty reasoning of Chancellor Pitney, supra, the fact of lack of service on the defendant Peyton, individually, and the absence of an affected creditor relationship, always remembering that the New York action is an equitable one. Applying the quoted language of Chancellor Pitney to the case in hand seems to me to be dispositive of the application, and judgment may enter for the defendant.