RAY R. AMOS v. SOUTHERN RAILWAY COMPANY, ATLANTIC AND YADKIN RAILWAY COMPANY AND NORFOLK & WESTERN RAILWAY COMPANY.

(Filed 20 May, 1953.)

**Master and Servant § 29½: Injunctions § 4f: Courts § 13—**

A resident of this State, injured in an accident occurring here in the course of his employment by a railroad company, instituted action under the Federal Employers' Liability Act in a circuit court in the State of Missouri. Thereafter the employee instituted an action in the county of his residence in this State to recover for the same injury. *Held:* Upon its petition, the railroad company is entitled to an order restraining plaintiff from prosecuting his action in Missouri so long as plaintiff invokes the jurisdiction of the courts of this State for the adjudication of his claim. 45 U.S.C.A., sec. 56; 28 U.S.C.A., sec. 1404 (a).

APPEAL by plaintiff from *Patton, Special Judge,* October Term, 1952, of FORSYTH.

This is an action to recover for personal injuries under the Federal Employers' Liability Act. The plaintiff alleges in his complaint that he was injured on 16 April, 1949, while working for the defendants in Stokes County, North Carolina. He was, at the time of his injury and when he instituted this action, a citizen and resident of Forsyth County, North Carolina.

On 8 November, 1949, the plaintiff, in consideration of the payment of certain expenses for or incidental to treatment received by him in connection with the injuries complained of, and certain sums paid to the Railroad Retirement Board and to him personally, in the total sum of $3,271.90, executed a release for himself, his heirs, personal representatives and assigns, which reads in pertinent part as follows: "I, R. R. Amos, . . . hereby RELEASE AND FOREVER DISCHARGE Atlantic and Yadkin Railway Company and its successors and assigns and Norfolk & Western Railway Company and its successors and assigns of all and from all claims, demands, actions, causes of action and suits, which I now have or could hereafter have, because of or in connection with or arising out of the whole or any part of the following:" (There follows a statement in detail with respect to the injuries sustained by him on 16 April, 1949, and the circumstances under which he sustained them.)

On 14 December, 1951, the plaintiff instituted an action against the Southern Railway Company in the Circuit Court of the City of St. Louis, Missouri, to recover for personal injuries under the Federal Employers' Liability Act. In the complaint filed in that action, it is alleged that the plaintiff's injuries were sustained on 16 April, 1949, while employed by the Southern Railway Company. The Southern Railway Company answered, denying plaintiff was its employee on 16 April, 1949, or prior thereto, and alleged that on said date he was the joint employee of the Atlantic and Yadkin Railway Company and the Norfolk & Western Railway Company, and set up the release referred to herein in support of its allegations. The action is still pending in the Missouri court.

Thereafter, the plaintiff instituted the present action in the Superior Court of Forsyth County, North Carolina, on 15 April, 1952, which was three years, lacking one day, from the date of his alleged injury.

The Southern Railway Company filed a petition in this cause in the Superior Court of Forsyth County, praying that the plaintiff be enjoined from further prosecuting the Missouri action. The court heard the matter, found facts, and entered an order permanently enjoining the plaintiff from any further prosecution of the Missouri suit. The plaintiff appealed from this order and assigned error.

*Elledge & Johnson for plaintiff, appellant.*
*Womble, Carlyle, Martin & Sandridge for defendant Southern Railway Company, appellee.*

DENNY, J. This appeal was heard at the Fall Term, 1952, of this Court, but its disposition was delayed awaiting the decision of the Supreme Court of the United States in the case of *Pope v. Atlantic Coast Line Railroad Co.,* 344 U.S. 863, ...... L. Ed. ...., in which *certiorari* had been granted.

In view of the conclusion we have reached with respect to the disposition of this appeal, we think it is appropriate to review briefly some of the decisions of the Supreme Court of the United States on the question of venue in actions to recover for personal injuries under the provisions of the Federal Employers' Liability Act, and the power of state courts to enjoin the prosecution of such actions when brought in a federal or state court in another jurisdiction.

The statutory provisions in the Federal Employers' Liability Act with respect to venue is in section 6, codified as 45 U.S.C.A., section 56, and which in pertinent part reads as follows: "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing

such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States."

In the case of *Baltimore & O. R. Co. v. Kepner,* 314 U.S. 44, 86 L. Ed. 28 (1941), 136 A.L.R. 1222, Kepner, an employee of the Baltimore & Ohio Railroad Company, was injured in the course of his employment in Butler County, Ohio. He was a citizen and resident of that State. He brought an action in the United States District Court for the Eastern District of New York under the Federal Employers' Liability Act, to recover for his injuries. The defendant Railroad instituted an independent action in Hamilton County, Ohio, in the Court of Common Pleas, to restrain Kepner from prosecuting his action in New York. The Supreme Court of Ohio held that under the provisions contained in section 6 of the Federal Employers' Liability Act, Kepner had the right to bring his action in a federal court in any other state in which the railroad operated, and upon appeal to the Supreme Court of the United States the holding was affirmed.

In *Miles v. Illinois C. R. Co.,* 315 U.S. 698, 86 L. Ed. 1129 (1942), 146 A.L.R. 1104, the railroad employee was killed in Memphis, Tennessee, and his administrator brought an action in a state court in Missouri to recover for the death of the employee under the Federal Employers' Liability Act. The defendant Railroad brought an original bill in the Chancery Court of Shelby County, Tennessee, seeking to enjoin the further prosecution of the pending action in the Missouri state court. The restraining order was granted, and upon appeal to the Supreme Court of the United States the judgment was reversed. The Court said: "The permission granted by Congress to sue in state courts may be exercised only where the carrier is found doing business. If suits in federal district courts at those points do not unduly burden interstate commerce, suits in similarly located state courts cannot be burdensome. As Congress has permitted both the state and federal suits, its determination that the carriers must bear the incidental burden is a determination that the state courts may not treat the normal expense and inconvenience of trial in permitted places, such as the one selected here, as inequitable and unconscionable."

The decisions in the *Kepner* and *Miles* cases not only held that the venue provisions of the Federal Employers' Liability Act deprived courts of equity of the power to enjoin vexatious litigation as to actions in a distant jurisdiction, but also deprived courts of equity from applying the doctrine of *forum non conveniens.* In the meantime, it became a widespread practice, almost to the point of being characterized as a racket, for actions under the Federal Employers' Liability Act to be brought in states far distant from the residence of the injured employee as well as

from the jurisdiction in which the accident occurred. Apparently, Congress took cognizance of this situation and amended the Federal Judicial Code in 1948 by the enactment of a new section, codified as 28 U.S.C.A., section 1404 (a). The amendment is couched in the following language: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

After the adoption of the above statute, the Supreme Court of the United States, in *Ex parte Collett* (1949), 337 U.S. 55, 93 L. Ed. 1207, considered the effect of the statute with respect to removal for the convenience of parties, witnesses, and in the interest of justice. Joseph Collett had instituted an action under the Federal Employers' Liability Act against the Louisville and Nashville Railroad in the United States District Court for the Eastern District of Illinois. Thereafter, the Railroad filed a motion to transfer the case to the United States District Court for the Eastern District of Kentucky. The court below found that all thirty-five witnesses and Collett himself lived in Irvine, Kentucky, which was also the scene of the accident; that Irvine, Kentucky, is 420 miles, approximately twenty-four hours by public transportation from East St. Louis where the action was instituted. The court held that the transfer would serve the convenience of the parties and witnesses and would be in the interest of justice, and granted the Railroad's motion. Collett filed a motion in the Supreme Court of the United States for leave to file a petition for a *writ of mandamus* against the United States District Court for the Eastern District of Illinois, requiring the vacation of its order of removal. The motion was denied.

In the case of *Pope v. Atlantic Coast Line Railroad Company, supra* (decided 27 April, 1953), Pope, an employee of the defendant Railroad, was injured in Ben Hill County, Georgia, which was the place of his employment as well as the place of his residence. But he went to Alabama and instituted an action under the Federal Employers' Liability Act in the Circuit Court of Jefferson County. The Railroad Company instituted a suit in equity in the Superior Court of Ben Hill County and petitioned the court to restrain Pope from prosecuting his action in Alabama.

The trial court sustained a general demurrer to the petition. The Georgia Supreme Court reversed the ruling and held that the courts of Georgia were clothed with power to enjoin Georgia residents from bringing vexatious suits in foreign jurisdictions. The Supreme Court of the United States granted *certiorari,* 344 U.S. 863, ..... L. Ed. ......, because the decision involved the interpretation of an important federal statute and was asserted to be in conflict with decisions of that Court in *Miles v. Illinois Central R. Co., supra,* and *Baltimore & O. R. Co. v. Kepner, supra.* The Supreme Court of the United States, in reversing the decision

of the Georgia Supreme Court, said: "Congress has deliberately chosen to give petitioner a transitory cause of action; and we have held before, in a case indistinguishable from this one, that section 6 displaces the traditional 'power of a state court to enjoin its citizens, on the ground of oppressiveness, from suing . . . in the courts of another state . . .' *Miles v. Illinois Central R. Co., supra,* 315 U.S. at 699."

Also in this same case, with respect to the doctrine of *forum non conveniens,* granted in section 1404 (a), the Court said: "We have heretofore held that section 1404 (a) makes the doctrine of *forum non conveniens* applicable to Federal Employers' Liability Act cases brought in federal courts and provides for the transfer of such actions to a more convenient forum. *Ex parte Collett,* 337 U.S. 55 (1949). Respondent would have us extend that decision, to hold that section 1404 (a) also provides for the power asserted by the Georgia court in this case. We do not agree; we do not think the language of the statute suggests any such implied grant of broad power to the state courts. Section 1404 (a), by its very terms, speaks to federal courts; it addresses itself only to that federal forum in which a lawsuit has been initiated; its function is to vest such a federal forum with the power to transfer a transitory cause of action to a more convenient federal court. It does not speak to state courts, and it says nothing concerning the power of some court other than the forum where a lawsuit is initiated to enjoin the litigant from further prosecuting a transitory cause of action in some other jurisdiction. Nor does section 1404 (a) contemplate the collateral attack on venue now urged by respondent; it contains no suggestion that the venue question may be raised and settled by the initiation of a second lawsuit in a court in a foreign jurisdiction; its limited purpose is to authorize, under certain circumstances, the transfer of a civil action from one federal forum to another federal forum in which the action 'might have been brought.' "

In the light of the above decisions we must concede that, notwithstanding the fact that the court below found that all the witnesses and the plaintiff in the present action live in North Carolina, where the cause of action arose; that it is approximately 970 miles from Winston-Salem, the county seat of Forsyth County, North Carolina, to St. Louis, Missouri, and requires approximately twenty-seven hours by fastest train to travel from Winston-Salem to St. Louis, the Southern Railway Company would not be entitled to the relief it seeks no matter how inconvenient or expensive it may be to defend the suit in Missouri, if it had instituted an action in this State for the purpose of restraining the plaintiff from prosecuting his action in Missouri.

However, we think a different situation exists where a citizen and resident of a state, after instituting an action in another state to recover for injuries under the Federal Employers' Liability Act, institutes a

second action in the state of his residence, where the cause of action arose, under the same Act and on the same cause of action. And we do not think the reasoning of the Supreme Court of the United States in *Pope v. Atlantic Coast Line Railroad Company, supra,* where the defendant Railroad instituted a new and separate suit against the injured employee, to enjoin him from prosecuting his Alabama action, is controlling in this Court on the facts presented on the present record. Neither do we think the ruling of the North Carolina court in a suit instituted by the injured employee in this State, may properly be held to constitute a collateral attack on venue in another state. Furthermore, when a resident or nonresident invokes the jurisdiction of our courts by instituting an action therein, the court may prescribe the terms upon which he may be allowed to prosecute such an action. *Carpenter v. Hanes,* 162 N.C. 46, 77 S.E. 1101, Ann. Cas. 1915A 832; *Childress v. Motor Lines,* 235 N.C. 522, 70 S.E. 2d 558; 28 Am. Jur., Injunctions, section 204, page 389.

We know of no provision in the Federal Employers' Liability Act which authorizes an injured employee to institute a multiplicity of actions for a single injury. Certainly there is nothing in section 6 of the Act to indicate any right to institute more than one action. If he is so authorized, then the plaintiff in this action, prior to the expiration of the three years from the date of his injury, could have instituted an action against the Southern Railway Company in each and every state in which it was doing business at the time of the commencement of such actions. A ruling supporting such view would not only be inequitable and unconscionable, but indefensible. Therefore, we hold that the restraining order entered in the court below is valid, and the Southern Railway Company is entitled to have it remain in full force and effect so long as the plaintiff invokes the jurisdiction of the courts of this State for the adjudication of his claim against the Southern Railway Company for injuries sustained by him on 16 April, 1949, pursuant to the provisions of the Federal Employers' Liability Act.

The permanent injunction issued below will be modified in accord with this opinion.

Modified and affirmed.